WHITNEY *vs.* HITCHCOCK.

In trespass for an assault and battery upon the child or servant of the plaintiff, the measure of damages is the actual loss which the plaintiff has sustained; and exemplary damages cannot be given, though the assault be of an indecent character, upon a female, and under circumstances of great aggravation.

TRESPASS for an assault and battery upon Mary, the daughter and servant of the plaintiff, by which she became sick, &c. and the plaintiff lost and was deprived of her services, &c. Not guilty was pleaded, and the cause was tried at the Franklin circuit in February, 1847, before WILLARD, C. Judge.

On the trial it was proved that the plaintiff's daughter, a girl of the age of eleven years, and the defendant attended an evening meeting at Fort Covington, and that during prayer the defendant committed an indecent assault with his hands upon the person of the girl, by means of which, as she stated on her ex-

amination as a witness, she was somewhat hurt. The evidence of actual loss of service was slight. She stated that for some days she was less serviceable in assisting her mother in the household affairs than she was before. The defendant was a member of the church, and it appears to have been conceded on the trial that he had been expelled, and that he had been indicted for an assault and battery for the offence in question.

The defendant's counsel asked the judge to charge the jury, that if they found for the plaintiff, the amount should be limited to the actual compensatory damages for the loss of the service of his daughter. He however instructed the jury that they had a right to render a verdict for an amount beyond the actual damages proved, and that they were at liberty if they pleased to give exemplary damages. The defendant's counsel excepted, and the jury rendered a verdict for three hundred dollars.

*N. Hill, Jr.* for the defendant, moved for a new trial for the misdirection of the judge. He insisted 1. That the rule which sometimes prevails of allowing damages, in civil suits, for the purpose of public example, or by way of punishing the defendant for offences punishable criminally, was not founded on principle and was frequently unjust in its operation; that by recent adjudications it appeared to be giving way to the more correct rule, and that it ought no longer to be followed. He referred to 1 *Murray's Jury Court Rep.* 337; 9 *Law Reporter,* 529 *et seq.*; 2 *Bl. Com.* 438; *Coke Litt.* 257, a; *Sayer on Damages,* 1; 2 *Greenl. Ev.* § 253; 4 *Blackf. Rep.* 277; 3 *Amer. Jurist,* 292, 3, 305, 6. 2. That if exemplary damages were recoverable in actions for assault and battery and the like, brought by the party directly injured, there was no precedent for allowing them in such actions as the present, where the plaintiff claimed only consequential damages resulting from the wrong done by the defendant, and where the party directly injured was entitled to an action. To establish and illustrate this he cited 24 *Wend.* 429, 430, *per Nelson, C. J.; Cheves'*

Whitney *v.* Hitchcock.

*Law and Equity Rep.* 177, 179; 3 *Amer. Jurist, sup.*; 5 *T. R.* 359, 360; 2 *id.* 4.

*W. H. Seward*, for the plaintiff, cited 14 *John.* 352; *Sedgwick on Damages*, 38, 39; 6 *Hill*, 466.

PER CURIAM. This case as proved on the trial was one of great aggravation, and perhaps the law is not sufficiently severe for its due punishment. We have no difficulty, however, in saying that the rule laid down by the judge was incorrect. The general question what damages can be recovered by way of punishment in the class of actions where exemplary damages are usually given, is not involved here. It might be difficult to reconcile what has been said in the books with any definite principle, but we do not intend to express any opinion upon that subject in this case. The present suit is brought for the loss of the services of his servant, which the plaintiff says he has sustained in consequence of the injury which the defendant has inflicted upon her. This he is entitled to recover; and if sickness had followed he could have claimed to be reimbursed for the expenses attending such sickness; but we all think that he cannot recover beyond his actual loss. The young female can herself maintain an action, in which her damages may be assessed according to the rule laid down at the trial; and if the father could likewise recover them in this case, they could be twice claimed in civil actions, and the defendant would also be liable to indictment. The action for seduction is peculiar, and would seem to form an exception to the rule that actual damages only can be recovered where the action is for loss of service consequential upon a direct injury; but there the party directly injured cannot sustain an action, and the rule of damages has always been considered as founded upon special reasons only applicable to that case.

New trial granted.