## COUNTY OF MIDDLESEX, OCTOBER TERM 1849, AT CAMBRIDGE.

###### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE, ⎫
Hon. CHARLES A. DEWEY, ⎪
Hon. THERON METCALF, ⎬ Justices.
Hon. RICHARD FLETCHER, ⎭

[The cases, with the exception of the first three, as far as page 351, were argued at the term in October; the remainder at the sittings in Boston, in February, 1850.]

## Warren B. Austin & Wife vs. John Wilson & Wife.

If exemplary, vindictive, or punitive damages are ever recoverable, in any case, they cannot be recovered in an action for an injury which is also punishable by indictment.

Where an action is brought against husband and wife for a libel by the wife, no smaller damages are to be assessed than would be legally recoverable if the libel had been published by her, while sole, and the action had been against her alone.

THIS was an action on the case for a libel by the female defendant upon the female plaintiff, and was tried before *Wells*, C. J., in the court of common pleas.

On the question of damages, the court instructed the jury, that as by law a husband is only liable civilly for the acts of his wife, and is not responsible therefor criminally; and as the judgment on the verdict (if rendered for the plaintiff) would be as well against the husband as the wife; the damages must be limited, in the present case, to a compensation for the injury sustained; and that this was not a case, in which exemplary or punitive damages could be given.

In explanation of this instruction, it was further stated to the jury by the court, that the term " compensation " included a remuneration for all the injury which the plaintiffs had sustained, whether a pecuniary loss, or an injury to the feelings or reputation ; and that so far as the actual malice of the defendant who made the publication, if proved, had a tendency to explain or give more force to the evidence, it might be taken into account for this purpose, but no further; and, by the term " exemplary " or " punitive " damages was meant such sum, as in some cases, juries awarded against a defendant, as an example to deter others from similar acts, or as a punishment upon him for the act which was the sub ject of the action.

The jury, under these instructions, returned a verdict for the plaintiffs, with $30 damages, and the plaintiffs thereupon alleged exceptions.

This case was argued at the sittings in Boston in January last, by *B. F. Butler*, for the plaintiff, and *J. G. Abbott*, for the defendant.

METCALF, J. We are of opinion that the jury were rightly instructed that the damages, in this case, must be limited to a compensation for the injury received. Whether exemplary, vindictive or punitive damages — that is, damages beyond a compensation or satisfaction for the plaintiff's injury — can ever be legally awarded, as an example to deter others from committing a similar injury, or as a punishment of the defendant for his malignity, or wanton violation of social duty, in committing the injury which is the subject of the suit, is a question upon which we are not now required nor disposed to express an opinion. The arguments

and the authorities on both sides of this question are to be found in 2 Greenl. on Ev. tit. Damages, and Sedgwick on Damages, 39 *et seq.* If such damages are ever recoverable, we are clearly of opinion that they cannot be recovered in an action for an injury which is also punishable by indictment; as libel and assault and battery. If they could be, the defendant might be punished twice for the same act. We decide the present case on this single ground. See *Thorley* v. *Lord Kerry*, 4 Taunt. 355; *Whitney* v. *Hitchcock*, 4 Denio, 461; *Taylor* v. *Carpenter*, 2 Woodb. & Min. 1, 22.

We do not hold that smaller damages ought to have been assessed, in this case, than would have been legally recoverable if the libel had been published by the wife, while sole, and the action had been against her alone. A husband is liable for his wife's acts, when liable at all, to the same extent as if she alone were answerable. *Exceptions overruled*