Nov. Term,
**1860.**

BOYD
v.
BLAISDELL.

</div>

---

## BOYD and Others *v.* BLAISDELL.

*Query :*  Whether a judgment can be amended or changed by the judge or Court, after the term at which it was rendered, unless there be something to amend by ?

The parent can only sue for such injuries to his child as occasion loss of service ; for all other injuries the child must sue.

APPEAL from the *Dearborn* Common Pleas.

PERKINS, J.—*Blaisdell* sued the school trustees of *York* township for refusing admission to his children into a district school, in said township.

<div style="text-align: right;">

*Wednesday,*
*November* 28.

</div>

*Blaisdell* was a resident of the adjoining township of *Kelso;* but he avers that the trustees of *Kelso,* on, &c., "duly transferred him, for educational purposes, to said township of *York;*" and that on, &c., at, &c., "the clerk of said township of *Kelso* duly served a certified copy of said transfer on the trustees and clerk of the township of *York.*"

The complaint consisted, when filed, of three paragraphs. A motion was made, that the plaintiff strike out two of the three paragraphs, which motion was sustained, and the first and second paragraphs were stricken out. The defendants then demurred to the third paragraph, and the demurrer was overruled, and exception taken. One of the grounds of demurrer was, that the action should have been brought by the children, not by the parent.

After the demurrer was overruled, there was an answer, trial, and judgment for plaintiff.

It is claimed, by the appellee, that the Court below, at a term subsequent to the judgment, altered the record, so as to show an order to strike out the first and second paragraphs of the complaint, which order did not appear originally in the record, and which order, counsel say, was never made. It is denied that the Court had power to make such alteration, and the doctrine of amendments of records is discussed.

There is no bill of exceptions, nor other entry of record, showing the alleged alterations; and we need not here, therefore, examine the question upon the power of the Court to make it. But we desire to submit an observation or two, in order to draw the attention of the profession to the point.

In *Alhers* v. *Whitney,* 1 Story's R. 310, Mr. Justice *Story* says: "It is plain that, at the common law, no judgment was amendable after the term at which it was entered. And amendments could be made in the process, pleadings, and proceedings only while the cause stood in paper, and before judgment. The authority to amend, then, even in England, in cases of this sort, is dependent upon, and limited by, statute. Mr. *Tidd,* in his excellent work on Practice, has laid this down as the clear doctrine of the Courts, in all cases

of ordinary suits (excluding fines and recoveries), in the

English courts of practice. 1 Tidd Pr. (9 ed. 1828) 711, 712. Judgments and records are there never allowed to be amended, except, in the first place, where the case is within the reach of some statute; or, in the next place, where there is something to amend by; that is, where there is some memorial paper, or other minute of the transactions in the case, from which what actually took place in the prior proceedings can be clearly ascertained and known. Tidd, *supra*, 713, 714."

Now, there seems to be an impression, that our code has enlarged the power to make amendments in records to an almost indefinite extent, and that judgments may be altered in the discretion of the Court. This idea was practiced upon below, in the case of *Kyle* v. *Hayward*, 14 Ind. 377. We are not prepared to admit the proposition. We doubt whether a judge can alter a judgment after the close of the term, where there is nothing to amend by; and he assumes to do it on the ground that the judgment, as entered, does not express the intention of his mind at the time it was entered. This would enable Courts to carry their records, and the ultimate rights of parties, about the country in their heads, in rather too concealed a manner. What provisions are there in the code justifying such amendments? Misprisions of clerks may be corrected, especially where there are data to amend by. Judgments of the Courts can not be, as a general rule. There may be exceptions. See the cases in Curtis' Dig., tit. "Judgments."

Returning now to the questions presented in the cause, they may be stated as follows:

1. Did the complaint show that a legal transfer had been made, according to the provisions of the statute, of *Blaisdell* to the district in *York* township? See 7 Blackf. R. 330.

2. Can the trustees be sued at all for excluding children from school?

3. If so, can the parent bring the suit?

A decision of the last question determines the case. The parent can not sue. The authorities are decisive. They are collected in *Donahoe* v. *Richards*, 38 Maine R. 376.

The parent can only sue for an injury to his child occa-

Nov. Term, sioning loss of service. The child must sue for other injuries.
1860. This being so, we need not examine the other questions.

BOYD Whether, upon the second question, the remedy would be
v. the prosecution authorized by the statute against the trustees
BLAISDELL. for a breach of duty as public officers, or a mandamus, or a
civil suit by the child, or might be all of these proceedings,
we will not inquire. Nor whether, if a civil suit could be
maintained by the child, it would have to rest upon malice
in the exclusion from the school. See *Carter* v. *Harrison
et al.*, 5 Blackf. 138.

*Per Curiam.*—The judgment is reversed, with costs. Cause
remanded for dismissal.

*E. Dumont, J. T. Brown*, and *O. B. Torbett*, for appellants.
*William Patterson*, for appellee.

(1) The counsel for appellants assumed the position, that the obligation
to receive appellee's children into the school, was a statutory and not a
common law obligation; and, the statute having provided a remedy for a
refusal, by an action in the name of the State (Acts 1855, p. 165, § 191),
that remedy must be pursued. *Hinsdale* v. *Larned*, 16 Mass. 65.—*Gedney*
v. *Inhabitants*, 3 Mass. 307.—*Moncrief* v. *Ely*, 19 Wend. 405.—*Lavoy* v.
*Scott*, 1 Blackf. 405.—*Almy* v. *Harris*, 5 Johnson's R. 175.—*Thurston* v.
*Prentiss*, 1 Mich. 193.—*Henniker* v. *Contoocook*, 9 Foster, 147.—*City of
Boston* v. *Shaw*, 1 Met. 130.—*Smith* v. *Lockwood*, 13 Barbour, 209.—3 Com-
stock, 9.—23 Pick. 224.

That a parent can not maintain an action for an injury to his child, which
does not result in loss of service. *Spear* v. *Cummings*, 23 Pick. 224.—
*Donahoe* v. *Richards*, 38 Maine R. 376.—3 Black. Com. 141.—*Hall* v. *Hol-
lander*, 4 Barn. and Cres. 660.—5 East. 45.—2 Hilliard on Torts, 605.—
Reeves' Domes. Rel. 291.—1 Tenn. R. 250.—*Whitney* v. *Hitchcock*, 4 Denio,
461.—*Flemington* v. *Smithers*, 2 Car. and P. 292, 578.—*Stephenson* v. *Hall*,
14 Barb. 222.

That an action will not lie for a mere error in judgment, in a matter in
which an officer is acting judicially, though the main duties of his office
may not be judicial. *Sherman* v. *Inhabitants of Charleston*, 8 Cush.—
*Donahoe* v. *Richards, supra.*—*Stephenson* v. *Hall, supra.*—8 Wend. 180,
444.—2 Caine, 312.—6 Cowan, 276.

(2) Counsel for appellee argued, that the Court had no power to amend a
judgment after the term, and cited the following authorities: *Hall* v. *Wil-
liams*, 1 Fairf. 278.—18 Maine, 186.—4 Ham. R. 45. Before an amend-
ment can be made, there must be something to amend by. *Waldo* v. *Spencer*,
4 Conn. R. 71.—*State* v. *Smith*, 1 N. & M. R. 16.