————O————

JACOB KLINGMAN, Respondent, *vs.* PARKER HOLMES, Appellant.

1. *Parent and child—Battery of child—Suit by parent—Loss of services—Exemplary damages.*—In a suit by a parent, for battery of his child, evidence having been offered of loss of the services of the child, it is competent for the jury to look at all the circumstances attending the battery, and to award such damages as they may deem ample and reasonable to compensate the plaintiff, and also to vindicate his rights, and to prevent similar abuses in future.

*Appeal from Adair Circuit Court.*

*Barrow & Millan, and Ellison & Ellison,* for Appellant.

I. This is a suit by the father for an assault on his son.

The foundation of the action is that the party assaulted was the servant of the plaintiff. Exemplary damages are not allowed in such a case. (Cowden vs. Wright, 24 Wend., 429; Whitney vs. Hitchcock, 4 Den., 461; Pack vs. Mayor of New York, 3 Coms., 489; Castanos vs. Ritter, 3 Duer, 370; Gilligan vs. N. Y. & H. R. R., 1 E. D. Smith, 453; Oakland R. R. Co. vs. Fielding, 48 Penn. St., 320; 38 Maine, 277; Richards vs. Farnham, 13 Pick., 451; Penn. R. R. Co. vs. Kelly, 31 Penn. St., 372; Same vs. Zebe, 33 Penn. St., 318; Sedg. Dam., side p. 554 [5 Ed.]; 9 Bacon Abd., 457.)

*Harrington & Cover*, for Respondent.

I. The jury could give exemplary damages. (James vs. Christy, 18 Mo., 162; Magee vs. Holland, 3 Dutch., 86.)

II. This court has laid down the rule, that in all actions of tort exemplary damages are allowed. (Buckley vs. Knapp, 48 Mo., 152; Freidenheit vs. Edmundson, 36 Mo., 226; Franz vs. Hilterbrand, 45 Mo., 121; Goetz vs. Ambs, 27 Mo., 28.)

WAGNER, Judge, delivered the opinion of the court.

The plaintiff brought his action against the defendant for an assault and battery committed upon his son.

The case was clearly proved, and the evidence shows that the defendant followed the son for a considerable distance and beat him cruelly and mercilessly.

The only question of any importance, presented for our consideration, is the action of the court in giving the fifth instruction for the plaintiff, which told the jury, that, if they found for the plaintiff, they should allow such damages as would compensate him for his loss of time and for any damage he might have suffered, permanent or otherwise, and for the time and trouble in taking care of his son, and in addition thereto they might allow such farther sum for exemplary damages or smart money, as they might believe that the circumstances and facts in evidence warranted.

It is now insisted in the argument, that in an action for

assault and battery on the child, the parent's ground of action being the loss of service, the measure of damages is the actual loss which the parent has sustained, but that exemplary or vindictive damages cannot be recovered. That these last are only given to the injured child if he brings his action in his own name. This position is not without authority to support it. The courts of New York hold, that in trespass for an assault and battery upon a child or servant of the plaintiff, the measure of damages is the actual loss which the plaintiff has sustained, and that exemplary damages cannot be given. (Cowden vs. Wright, 24 Wend., 429 ; Whitney vs. Hitchcock, 4 Denio, 461.)

Mr. Sedgwick quotes these cases, as establishing the rule contended for, but he is evidently dissatisfied with their reasoning. (Sedg. Dam., [3 Ed.] 586–7.)

They proceed upon the theory, that the loss of service is the gist or legal gravamen of the action, and that the necessary expenses, that flow from, and are incident to, it, can only be taken into the account in determining the amount of damages.

They draw a distinction between actions of this kind and those for seduction, where the person seduced is incompetent to sue. It is perfectly true, the action for seduction is founded on the relation of master and servant, and not upon that of parent and child, and has always been maintained, not upon the seduction itself, but upon the consequent loss of the daughter's service, in which the parent is supposed to have a legal interest. But it is well settled, that the loss of service is not the real measure of damages in such cases. It is simply a legal fiction resorted to, for the purpose of giving compensation for a great injury. And it must be farther borne in mind, that in actions of seduction the daughter is a partaker of the crime, and therefore cannot sue her seducer. But the cases, holding that the loss of service is necessarily the foundation of the action, are not decisive, and controlling the question in reference to assault and battery, for there are very respectable authorities deciding that the action will lie

on the part of the parent, where the child was incapable of rendering any service.

In Dennis vs. Clark, 2 Cush., 347, it is expressly decided, that, where an infant child, too young to be capable of rendering any service to his father, is injured by a third person under such circumstances as would give the infant himself an action against such third person, and the father is put to care and expense in consequence thereof, he may maintain an action for an indemnity.

So in Durden vs. Barnett, 7 Ala., 169, it was held, that the action would lie, and the court said, " even if the child was of very tender years, so as to be incapable of rendering any useful services, the action would doubtless lie, if averments were made of consequential injury by expenses caused in healing the wounds." According to these authorities services are not the indispensable and necessary causes of the action, but other injuries may be sufficient. The question, however, as to whether exemplary damages might be given, was not raised. In a well considered and ably reasoned case in New Jersey (Magee vs. Holland, 3 Dutch., 86); whilst the court held, that a parent must show some loss of services to enable him to maintain action on the case for taking his infant children out of his possession, yet, when loss of services was shown as a foundation for the action, the jury might look at all the circumstances of the case, and give exemplary damages to compensate him for the injury done to his feelings and to prevent similar abuses. The court cites the case of Whitney vs. Hitchcock, *supra*, in respect to actual damages, but does not undertake to distinguish it from the one under consideration. In principle they are doubtless both the same.

Upon the main question we are now determining, the court says: " There having been a good foundation shown for the action, upon the strictest principles of law was the rule of damages laid down at the trial erroneous? Besides the loss of service, and the actual and necessary expense of the pursuit, the jury were instructed, that they had a right to compensate the plaintiff, so far as damages could compensate, for

the injury done to his feelings, and that they might look at all the circumstances attending the taking of the children out of the possession of the father and out of the State, and give such damages as they should deem reasonable, to vindicate the rights of the plaintiff and to prevent similar abuses."

This was in accordance with the law, as stated by Ch. Justice Abbott, in Hall vs. Hollander, who said, that when the foundation of service existed, courts of justice have allowed all the circumstances of the case to be taken into consideration with a view to the calculation of the damages. It was also in accordance with the opinion of the Supreme Court of the United States in the case of Day vs. Woodworth, 13 How., 363, that "it is a well established principle of the common law, that, in actions of trespass and all actions on the case for *torts*, a jury may inflict what is called exemplary, punitive or vindictive damages, upon a defendant, having in view the enormity of his offense rather than the measure of compensation to the plaintiff." The right of the jury to consider all the circumstances of the case, and to award exemplary damages, necessarily drew with it the right to consider the injury done to the feelings of the father as well as all the other circumstances of aggravation.

I am not willing to concede, that in an action of this kind the jury might not properly look at all the circumstances and apportion their damages to the actual wrong done to the plaintiff's feelings and paternal affection and rights, without any positive proof of malice or oppression.

Greenleaf, whose strenuous advocacy of the principle of compensatory damages only, and whose opposition to exemplary damages is well known, lays down the doctrine, that the attendant circumstances and natural results, including the facts which occur and grow out of the injury up to the day of the verdict, affect the damages and are admissible in evidence; and where an evil intent has manifested itself in acts and circumstances accompanying the principal transaction, they constitute parts of the injury. (2 Greenl. Ev., §§ 268, 271.)

Although, as we have seen, there are cases entitled to the highest respect, which hold that a loss of service is not necessary to the maintenance of the action, still in the present case the loss was directly proved.

I think it was then competent for the jury to look to all the circumstances attending the battery, and to award such damages as they might deem ample and reasonable to compensate the plaintiff and also to vindicate his rights, and prevent similar abuses in future.

This, in my judgment, is the safest and best rule, and will be found to have a-salutary effect on those who are disposed to resort to violence to gratify or avenge their personal animosities.

I think therefore that the judgment should be affirmed. The other judges concur.