THOMAS R. SMITH, Respondent, *vs.* THE CITY OF ST. JOSEPH, Appellant.

1. *Damages for injury to married woman—Separate action for, will lie by both wife and husband.*—For injuries received by a married woman, two actions for damages will lie, one by the wife and solely for damages resulting to herself, in which the husband is made a nominal co-plaintiff under the requirements of the statute; another by the husband alone for expenses and loss of her services incurred by him in consequence of the injury, and also in aggravated cases for compensation for his own services in waiting upon his wife during her illness.

*Appeal from Buchanan Circuit Court.*

*Chandler & Sherman,* for Appellant.

I. Compensation for plaintiff's services in waiting upon his wife should have been claimed in the first suit. Plaintiff cannot split his cause of action.

II. The law gives no such damages.

III. The petition makes no claim therefor. (Sedg. Meas. Dam., 682, n. 1; 52 Me., 378; 2 Greenl., 284; 25 Ill., 86.)

*Vineyard & Loan,* for Respondent.

I. The damages in the two cases are entirely different. In the former, the damages were incurred only by Mrs. Smith, in the latter they were suffered by the husband. (Rogers vs. Smith, 17 Ind., 323; Berger vs. Jacobs, 21 Mich., 215; Kavanaugh vs. Janesville, 24 Wis., 618; Hooper vs. Haskell, 56 Me., 251; McKinney vs. Western Stage Co., 4 Iowa, 420; Fuller vs. Naugatuck R. R. Co., 21 Conn., 557; Lewis vs. Babcock, 18 Johns., 443; Long vs. Morrison, 14 Ind., 595; Robalina vs. Armstrong, 15 Barb., 247.)

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted by the plaintiff to recover damages for the loss of the services of his wife, and necessary expenses of medicine, doctor's bills and nurse hire paid out by him, in consequence of an injury to her which is alleged to have been occasioned by the negligence of the defend-

ant.   The charge is, that the injury to the plaintiff's wife was the result of her falling down an enbankment in one of the streets of the defendant, which was negligently left in an exposed and dangerous condition.   One branch of this case has previously been in this court.   (Smith vs. City of St. Joseph, 45 Mo., 449.)   There the proceeding was in favor of the wife as the meritorious cause of action, the husband being joined with her under the requirements of the statute, to recover damages for the personal injuries and physical suffering that she sustained.   But the petition was founded upon the same accident, and the same questions in regard to defendant's liability and negligence arose in that case that arise here.

The rules of law then laid down, were strictly conformed to and pursued in the trial of this case, on the questions of defendant's liability and negligence, and therefore it is unnecessary to review them at the present time.

There is one point of objection raised to the sufficiency of the petition, on the ground that it is not alleged that the city had graded or improved the street where the injury occurred, but this objection is not maintainable   The petition is not drawn very precisely or accurately, but it contains an allegation that before the accident happened, the defendant had certain hands and workmen engaged and employed in grading the street, and that they graded it in such a manner as to leave a perpendicular embankment which was the occasion of the injury.   This averment, though vexatiously inartificial, stated essentially the fact that the defendant had commenced and been engaged in grading the street, and left no doubt as to what the pleader intended.

The main questions, however, relied on for a reversal of this judgment, are, that the former judgment was a bar to the maintenance of this action, and that the court erred in its instruction in reference to damages.   The judgment rendered in favor of plaintiff and wife in the former suit was solely for the damages resulting to the wife in consequence of the injuries received by her.   She was the meritorious cause of the action, and the husband was merely joined under the pro-

visions of the statute to enable her to sue.  But the damages there were strictly confined to her personal injuries, and the expenses incurred by the husband, and loss of service which constitute the foundation of this action were not in that case. In some of the New England States, under the provisions of statutes regulating the subject, it is held that but one action can be maintained.  Those statutes permit all the damages incident to and growing out of the injury to be recovered in the same suit.  They provide for but one action.  But in the other States, where no such statutory regulations exist, a contrary doctrine is held.  In the case of McKinney vs. Western Stage Co., (4 Iowa, 420,) the court says "we suppose that at common law the rule is well settled, that for an injury to the person of the wife during coverture, by battery, or to her character by slander or any such injury, the wife must join with the husband in the suit.  When, however, the injury is such that the husband receives a separate loss or damage, as, if in consequence of the battery, he has been deprived of her society, or has been put to expense, he may bring a separate action in his own name.  Barnes vs. Hurd, 11 Mass., 59; Lewis vs. Babcock, 18 Johns., 443 ; 2 Saund. Pl. & Ev., 568; and this rule we do not understand to be changed by the code."

The Indiana Court holds, also, that the established doctrine is, that for a tort committed upon a wife, two actions will lie, one by the husband alone for the loss of service, expenses, &c., and the other by the husband and wife for the injury to the person.  (Rogers vs. Smith, 17 Ind., 323 ; Long vs. Morrison, 14 Ind., 595 ; Ohio & M. R. R. Co. vs. Tindall, 13 Ind., 366 ; Boyd vs. Blaidell, 15 Ind., 73.)

In the case of Fuller vs. Naugatuck R. R. Co., (21 Conn., 557,) it was said that it was clear that the plaintiffs could not recover for the wife's personal injury and also for the expenses of her cure in the same action. On the former ground of damages, the husband would have no interest, while the latter would accrue to him alone, and so the two claims would be incompatible with each other.  The same principle has been often adjudged in different cases and laid down in elementary treatises.  (Reeves

Smith v. The City of St. Joseph.

Dam. Rel., 291; Whitney vs. Hitchcock, 4 Denio, 461; Cowden vs. Wright, 24 Wend., 429 ; Bartley vs. Ritchtmeyer, 4 N. Y., 38 ; Klingman vs. Holmes, 54 Mo., 304.)

We think there can be no doubt respecting the maintenance of the action, and that there is no bar in consequence of the previous recovery. On the question of damages the court instructed the jury, that if they found for the plaintiff they should assess his damages at such sum, as was shown by the evidence would compensate him for the expenses he had necessarily incurred, in nursing and taking care of his wife for the time she was diseased and disabled on account of the injury she had sustained in falling over the embankment, including compensation for his services in waiting upon her, doctor's bills, and costs of medicines and also for the loss of her services directly resulting from the injury. The only serious objection made to this instruction is, that it allows the plaintiff to recover compensation for his services in waiting upon his wife during her illness. Under all the circumstances surrounding this case, I think the instruction was right. The evidence shows that the wife's thigh bone was broken by the fall; that for two months she was so utterly helpless that her husband had to be constantly at her bedside and assist her even to move. During all this time he did not take off his clothes, as his attentions were required to be unceasing and unremitting. The husband then had to neglect all his business to perform this painful duty, and if he had not done it in person, he would have been under the necessity of hiring some one to do it in his stead. In this aspect of the case therefore, I think the instruction was justified.

There is no reason for interference on the ground that the damages were excessive. The verdict was for $3500, and the wife was confined to her bed for a year before she could even get around the room on crutches ; she was constantly using medicine all that time, and under the attendance of physicians, and extra servants had to be employed. Before the accident, she was a healthy young woman about thirty-one years old and a good housekeeper, and superintended the domestic affairs of the family, and did all the sewing for them. She had

a family of six small children, and they and her husband have ·lost. the benefit of her services. Seven years had elapsed from the occurrence of the injury up to the time of the trial, and the husband for that length of time had been deprived of her services, and will be as long as she lives, for it is conceded that the accident has rendered her a cripple for life. Taking all these things together, and the estimate placed upon the loss of services by the witnesses, and the actual expenses laid out and incurred by the plaintiff, we are not prepared to say that the jury placed the compensation too high.

Wherefore it follows that the judgment must be affirmed. All the judges concur.