GEORGE VOLANS, RESPONDENT, *v.* WILLIAM OWEN AND JESSE B. JILLSON, APPELLANTS.

*Civil damage act.*

Where liquors are sold by liquor dealers to a minor whereby he becomes intoxicated, and he thereafter becomes sick in consequence thereof, whereby the father of the minor is deprived of the services formerly rendered by him, and is compelled to expend money for medical attendance upon him, the father is entitled to maintain an action under the civil damage act to recover the damages occasioned thereby.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought under chapter 646 of 1873, for damages sustained by the plaintiff in consequence of the intoxication of his minor son. The plaintiff is a farmer residing in St. Lawrence county. George B. Volans, his only son, born in 1854, lived with his father and assisted him in carrying on the farm.

On the 19th of September, 1874, the son went to Ogdensburgh, and went from one bar to another drinking intoxicating liquors, and drank twice at defendants' bar. He became so drunk that he could not stand, had two falls, the second time striking the back of his head. Subsequently he was taken home by a friend. It was claimed on the part of the plaintiff, that in consequence of this intoxication and fall the boy became insane during the ensuing week and so continued up to the time of the trial, whereby the father was compelled to pay

money for medical attendance, and lost the services of the son upon the farm. The jury rendered a verdict for $750.

*Magone & Holbrook* and *Thomas Sprott*, for the appellants.

*Edward C. James*, for the respondent.

BOARDMAN, J.:

The constitutionality of the act of 1873, commonly known as the civil damage law, is not an open question in this court. Since the case of *Baker* v. *Pope* (2 Hun, 556) the law has been repeatedly adjudged valid. (*Hayes* v. *Phelan*, 4 Hun, 733; *Dubois* v. *Miller*, 5 id., 332; *Jackson* v. *Minard*, id., 530; *Franklin* v. *Schermerhorn*, 8 id., 112; *Smith* v. *Reynolds*, id., 128; *Mead* v. *Stratton*, id., 148; *Quain* v. *Russell*, id., 319.) The legislative power to pass such acts is considered in *Metrop. Board of Excise* v. *Barrie* (34 N. Y., 657).

The complaint in this action is sufficient under the law and the authorities. The cause of action stated in the complaint is one given by the statute of 1873. By the intoxication and consequent sickness of plaintiff's son, the plaintiff was injured in his property and means of support. The plaintiff was entitled to the services of his minor son upon his farm. The son had been accustomed to render such services, and worked for his father under his directions prior to this occurrence. Since then the son has been unable to work. The father has thus lost the value of such services, and been injured in his means of support. By the sickness of the son, arising from such intoxication, medical services were required and procured. For such services the plaintiff is liable. The value of such services rendered to his minor son can be collected of the plaintiff. To that extent he is injured in his property. Certain actual and positive damages have been suffered by the plaintiff. If they are due to the conduct of the defendants, they should be held responsible therefor. If the defendants had committed an assault and battery upon plaintiff's minor son, from which the same damages had ensued, no doubt an action by the father to recover them of defendants would lie. (*Whitney* v. *Hitchcock*, 4 Den., 461; Reeves' Dom. Rel., *376, 291; *Ford* v. *Monroe*, 20 Wend., 210.)

So it has been held that a druggist is liable to the husband for damages, caused by sale to the wife of laudanum to be used by her

as a beverage, whereby she became sick and unable to perform her duties. (*Hoard* v. *Peck*, 56 Barb., 202.) The case under consideration is but slightly removed from those cited, and with the aid given by the law of 1873 it cannot be doubted that a cause of action was stated, and sustained by the evidence given on the trial.

It is not material who paid for the liquor or whether it was paid for at all. The act of selling or giving away the liquor, whereby the person to whom it is sold or delivered becomes intoxicated and does injury, constitutes the foundation of the action. Any other construction would, in many instances, nullify the statute and violate its intent.

The objections to evidence of the value of the son's services, and to the fact that such services had before that time been rendered by the son for his father, are disposed of by the views already taken, as to the damages which may properly be recovered in such actions. The objections were taken upon the theory that such damages could not be recovered. The exceptions to the charge and refusals to charge were not tenable for the same reason. They all assume that the damages proved in the case do not come within the statute. I have attempted to show that such assumption is unfounded. On no other hypothesis could the absence of any proof of damages be asserted.

A motion for a new trial was made upon the minutes and denied. One question only remains to be considered on the appeal from that order. Does the evidence show that the intoxication of the son caused his subsequent sickness? There is certainly enough evidence to justify the verdict rendered by the jury. Indeed, I do not think any one can read the evidence without becoming satisfied, that his drunken debauch in Ogdensburg and the injury inflicted by his fall were the causes of his subsequent sickness and mental derangement.

After reviewing all of the alleged errors as presented by the appellants, no cause is apparent why the judgment should be disturbed.

The judgment and order are, therefore, affirmed, with costs.

LEARNED, P. J., concurred; BOOKES, J., taking no part.

Judgment and order affirmed, with costs.