Smith v. Warden.

## SMITH *et al.* v. WARDEN *et al.*, *Appellants.*

1. **Partnership**: NEGLIGENCE, LIABILITY FOR. The defendants were sued as general partners, under the firm name and style of "The Hannibal Meat Company, Limited," for injuries resulting from the explosion of their steam boiler, while used by their employes. It was pleaded as a defence that the company was a joint stock company, organized under the laws of the state of Pennsylvania, and that, under said laws, the company, and not the defendants, as individuals, was liable to be sued for the injuries complained of. It appeared, on the trial, that there had been a failure, on the part of defendants and their associates, to file their articles of association in the proper recorder's office, in the state of Pennsylvania, as required by the statute of said state, until after the occurrence of the injury sued for. *Held*, that the defendants were rightly sued as general partners.

2. **Limited Partnership.** A full compliance with the laws of Pennsylvania, both as to the statements required to be made in the articles of association, and as to recording the same, was necessary and pre-requisite to the formation of the limited partnership in that state, and if the partners proceeded to do business before so complying with the law, they did so as general partners.

3. **Several Causes of Action.** Injuries caused by the explosion of a boiler, to furniture of the husband, and to his wife's person, are distinct, and afford grounds for different causes of action.

4. **Husband and Wife**: PRACTICE: RECEIPT. A receipt, by the husband, acknowledging satisfaction for the injury to the furniture, and for the payment by him of physicians' bills incurred by reason of the injuries to his wife, and for the expenses of a truss for her, is no bar to an action for the injuries to the wife's person.

5. ———. A husband, in the absence of authority from the wife, cannot now dispose of or settle her right of action for injuries done to her person. R. S., 1879, sec. 3296.

*Appeal from Hannibal Court of Common Pleas.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Easley & Russell, David H. Eby* and *R. E. Ander-son* for appellants.

(1) The Hannibal Meat Company, Limited, is an asso-ciation created under and recognized by the laws of Penn-sylvania; lacks none, but has all the attributes and characteristics of a corporation. It has: (*a*) A distinc-tive associate name, by which it may contract. (*b*) Per-petuity by transfer of its shares of capital. (*c*) Power to sue, and liability to be sued in the associate name. (*d*) Power to hold, convey and mortgage in the associate name, property of all kinds, and (*e*) the "right to adopt and use a common seal." This would seem to give the association corporate existence within the terms of the best definitions of a corporation. 2 Kent's Com. 278; Ang. & Ames on Corp. (10 Ed.) sec. 110; Field on Corp., sec. 1; *Dartmouth College v. Woodward*, 4 Wheat. 636; *Cutter v. Thomas*, 25 Vt. 73; 1 Wood's Collyer on Part., p. 5, note. (2) A joint stock association having like, but less powers than this, formed under the laws of England, which declared that the company should not be deemed a corporation, has been held to be a corporation by the Supreme Court of the United States. *Liverpool Ins. Co. v. Massachusetts*, 10 Wall. 566; *Oliver v. Ins. Co.*, 100 Mass. 531; *Lewis v. St. Charles Co.*, 5 Mo. App. 230; *Fargo v. Louisville, etc., Ry. Co.*, 20 Am. L. Reg. (N. S.) 529. (3) It seems that the members of limited part-nership associations as to liability, are placed upon a similar footing with the members of perfect corporations, and are denominated *quasi* corporations. Ang. & Ames on Corp. (10 Ed.) secs. 42, 45; Field on Corp., sec. 4; 1 Bouvier's Inst. (Ed. 1872) sec. 186. (4) This action cannot be maintained, because it is not shown that the plaintiffs have exhausted their remedy against the Han-nibal Meat Company, Limited, or shown such remedy to be ineffectual. *McClaren v. Franciscus*, 43 Mo. 452;

Smith v. Warden.

Thompson on Stockholders, sec. 312; *Blair v. Gray*, 104 U. S. 769. (5) The law of the state under which the company was formed must control and govern the liability of the defendants. *King v. Sarria*, 69 N. Y. 24; Thompson on Stockholders, secs. 81, 83; 20 Am. Law Reg. (N. S.) 532. (6) The Hannibal Meat Company, Limited, could only be liable for negligence, neither it nor any member of the company could be held simply because the boiler exploded and injury followed. *Losee v. Buchanan*, 51 N. Y. 476. (7) The instructions, given by the court of its own motion, are contradictory of the third given for defendants, and submit issues not made by the pleadings. It cannot be determined whether the jury found on the ground of the incompetency of Collins or not. *Henschen v. O'Bannon*, 56 Mo. 289; *Wood v. Steamboat*, 19 Mo. 529: *Modisett v. McPike*, 74 Mo. 648.

*T. H. Bacon* for respondents.

(1) The Pennsylvania statutes of limited partnerships, in providing for the creation of certain elements of corporate capacity, do not provide for the creation of corporate individuality. The members of the company, when organized, formed in Pennsylvania what in many states is termed a voluntary association. Such bodies are not corporations, at home. *Leech v. Harris*, 2 Brewst. 571; *Taft v. Ward*, 106 Mass. 518. (2) By their answer defendants pleaded that the company was a joint stock one, under the laws of Pennsylvania, and they are estopped to claim it was a corporation. *Chapman v. Chapman*, 66 Mo. 299; *Russell v. Whitley*, 59 Mo. 196. (3) The alleged meat company was not organized until long after the accident. The members having, before a legal organization of the company, opened business in Missouri, are liable to strangers as general partners. *Richardson v. Pitts*, 71 Mo. 128; *Hurt v. Salisbury*, 55 Mo. 310. (4) The husband's claim was a separate cause

of action (*Smith v. St. Joseph*, 55 Mo. 456), and the re-
ceipt from him in evidence restricted itself to his dam-
ages, and the court had the right to instruct it out.
*Early v. Le Faivre*, 53 Mo. 470; *Wells v. Dryden*, 52
Mo. 319; *Cape Girardeau v. Harbison*, 58 Mo. 94. The
husband was not a competent witness (*Wood v. Broadley*,
76 Mo. 23), and his alleged statements *in pais* were not
evidence. Even if his testimony had been admissible it
could not prove his agency (*Williams v. Williams*, 67
Mo. 661, p. 664), and much less could his hearsay state-
ments be admissible without proof *aliunde* of his agency
(*Sumner v. Saunders*, 51 Mo. 89), and by the statutes of
1875 nothing less than her written authority could enable
her husband to appropriate her claim. Laws 1875, p. 61.
He did not profess to collect her claim, and did not sign
for her, or as her agent, but signed only in his own right.
*Eystra v. Capelle*, 61 Mo. 578, p. 580. (5) The verdict
was properly rendered for the "plaintiff." The plaintiff
had no right to embrace in her suit any claim for the
husband's damages (*Dailey v. Houston*, 58 Mo. 361), and
her averments fully excluded such claim. The husband
was but a nominal plaintiff. *Smith v. St. Joseph*, 55 Mo.
456. He was joined as husband, and not as co-plaintiff
(*Boal v. Morgner*, 46 Mo. 48), because the statute in
force at the time required him to be joined. W. S.,
1872, sec. 8, p. 1001. (6) The court wrongfully (*O'Mara
v. Hudson*, 38 N. Y. 445, p. 448, top), instructed the
plaintiff out of court as to the alleged responsibility of
the defendant for employing a fireman to act as engineer.
(See *Harper v. Indianapolis*, 47 Mo. 567) and the court
instructed the plaintiff out of court as to the alleged un-
safe or dangerous condition of the boiler, so that any
alleged error in these regards was swept away. Of the
two instructions refused, the second was necessarily dis-
pensed with in defendant's favor, and there was no
evidence to support defendant's instruction hypothecat-

ing organization in 1878. The opinion of Lippincott, as an expert, was properly admitted in evidence. *Eyerman v. Shehan*, 52 Mo. 221 : *Maher v. Railroad*, 64 Mo. 276. Opinions formed from observation are often allowed, even in cases of non-expert witnesses. *Appleby v. Brock*, 76 Mo. 314; *Simmons v. Carrico*, 68 Mo. 416 ; *Kem v. St. Louis*, 40 Mo. 26.

RAY, J.—This was an action for damages for personal injuries to the plaintiff, Leonora Smith, begun.in the Hannibal court of common pleas, April 10, 1879. The petition alleges: (1) The marital relation between the plaintiffs. (2) That the defendants, on the second day of February, 1878, entered into a co-partnership, under the firm name, style, and description of "The Hannibal Meat Company, Limited." (3) That in the prosecution of the partnership business, the defendants erected on certain premises in the city of Hannibal a second-hand steam boiler opposite plaintiff's residence. (4) That said steam boiler was greatly impaired and weakened by age, exposure to the elements, and previous service, and was suffered by defendants so to remain, and that such insufficiency of said boiler was known to defendants. (5) That defendants, in their use of said boiler, employed "an unskilful and incompetent agency, and knowingly placed said boiler under the control thereof." (6) That in the service of defendants the said boiler was subjected to unusual requirements involving unsafe and excessive strains and pressure, and was otherwise overtaxed. (7) The plaintiffs further say that by means of the premises, the defendants negligently caused and suffered said boiler to be and remain in an unreasonably unsafe and dangerous condition, and on August 23, 1878, the defendants being in charge, control, and operation of said boiler, by their agents and servants, did negligently manage and use said boiler, and by the negligence, unskilfulness, and misconduct of defendants, by their

agent and servant, the said boiler was caused and suffered to explode, and thereby did explode with great violence, rending the same and the surrounding materials with great force, and projecting portions of the same with great force and violence at, against, and into the said abode of plaintiffs. Plaintiffs say that at the time of said explosion the said Leonora Smith, co-plaintiff herein, was sitting in the front door of her dwelling aforesaid, and by the missiles and materials impelled by said explosion, she was struck with great force and violence on the chest, and on each side of her abdomen, and on her thigh, and thereby was felled to the floor, the said blows greatly bruising and wounding her body, and permanently creating hernia on each side of her abdomen, and disabling her for life.

The answer: (1) Admits the relation of husband and wife between the plaintiffs, and that Leonora was injured by the explosion of the boiler, but denies that she was injured to the extent alleged in the petition. (2) The other allegations of the answer put in issue the remaining allegations of the petition. (3) And for another and further defence herein, defendants say that at the time of the injury "The Hannibal Meat Company, Limited," was, and now is, a joint stock company; that said joint stock company had been, prior thereto, to-wit: on the .......... day of .........., 1878, duly, and in proper form of law, organized at the city of Philadelphia, in the state of Pennsylvania, in pursuance and by authority of the laws of said state, under the associated name of "The Hannibal Meat Company, Limited." That said company established its principal office and place of business in said city of Philadelphia, and thereafter, as it was by the laws of said state of Pennsylvania authorized to do, as defendants aver, on the ........ day of .........., 1878, established at the city of Hannibal, in the state of Missouri, an office and place of business. That the business which said company was, by the laws

of said state of Pennsylvania, authorized to do, and which it was doing at the time of said explosion and injury, was the buying and killing cattle, and canning the beef thereof, and shipping and selling said canned beef. That at said time the term of the existence of said company was unexpired. They say that the explosion of the boiler which caused the injury complained of by plaintiffs, occurred at said place of business of said company, in said city of Hannibal, while the same was in the use of said company in the carrying on of its said business, at its said place of business; and that said company, at the time the suit herein was brought, and summons against defendants herein was served, kept and maintained said place of business, at said city of Hannibal, and had in charge thereof, an officer and agent of said company. They say that said company was organized as aforesaid, under, and by virtue of the law of said state of Pennsylvania, approved June 2, 1874, and the law amendatory thereof, approved February 18, 1875. That by the provisions of said laws said company had, and has, the said company name, and under and by said name owns the property thereof and under and by said name was, and is, liable to be sued and have judgment rendered against it. And, further, that the members of said company are not individually liable to pay the debts or other liabilities of said company further than to the extent of their several unpaid subscriptions to the capital stock thereof, and then only after the property and effects of said company have been exhausted. Wherefore, they say that plaintiffs cannot maintain this action against these defendants. (4) Pleads facts which, it is alleged, amount to a compromise and settlement between the male plaintiff and The Hannibal Meat Company, Limited, and, also, between said Lenora and The Hannibal Meat Company, Limited.

The reply denied all the allegations of the answer.

At the trial of the cause, upon the issues thus pre-

sented, the plaintiffs, to sustain said issues on their part, offered and read in evidence to the jury, the following "articles of association," with its acknowledgment and the filing entry, and certificate of the record thereof, viz. :

### "THE HANNIBAL MEAT COMPANY.
### [Limited.]

"In the matter of the Partnership Association of The Hannibal Meat Company, Limited: Whereas, a partnership association, limited, has been formed by the undersigned, in pursuance of the act of the assembly of the commonwealth of Pennsylvania, entitled 'an act authorizing the formation of partnership associations, in which the capital subscribed shall alone be responsible for the debts of the association, except under certain circumstances,' approved the second day of June, *Anno Domini*, 1874. Now, we, the undersigned, being the persons who have formed the said association, do hereby make this statement in writing, as required by the said act. The full names of the persons forming said partnership are as follows, viz. : William G. Warden, of the city of Philadelphia ; Henry L. Davis, of the city of Philadelphia ; Sidney T. Fuller, of the city of Philadelphia ; John M. Hagy, of the city of Philadelphia ; George H. Perkins, of the city of Philadelphia ; Richard H. Wallace, of the city of Philadelphia ; John H. Howland, of the city of Philadelphia ; Henry Warden, of the city of Philadelphia ; Charles Pratt, of the city of New York ; John T. K. Hayward, of the city of Hannibal, Mo.

"The amount of capital of said association subscribed for by each of the said parties is as follows, viz. : William G. Warden, thirty thousand dollars ; Henry L. Davis, five thousand dollars ; Sidney T. Fuller, six thousand dollars ; John M. Hagy, five thousand dollars ; George H. Perkins, two thousand dollars ; Richard H. Wallace, one thousand dollars ; John H. Howland, one

thousand dollars; Henry Warden, two thousand five hundred dollars; Charles Pratt, ten thousand dollars; John T. K. Hayward, two thousand dollars. The total amount of the capital of the said association is sixty thousand dollars, and is payable one-half in cash on the execution hereof, and the other half within sixty days thereafter. The character of the business to be conducted by the association is that of general merchants and shippers, with the privilege of slaughtering cattle, sheep, hogs, etc. The name of the association is 'The Hannibal Meat Company, Limited.' The contemplated duration of said association is ten years from the date hereof. The location of said association is the city of Philadelphia. The names of the officers of the said association, who have been selected in conformity with the provisions of said act of assembly, are as follows, viz.: The managers are William G. Warden, Charles Pratt, Henry L. Davis, George H. Perkins, John M. Hagy. The chairman is William G. Warden. The treasurer is Henry L. Davis. The secretary is Henry L. Davis. In witness whereof we have hereunto set our hands, this second day of February, *Anno Domini,* one thousand, eight hundred and seventy-eight.

"W. G. WARDEN,
"CHAS. PRATT,
  "by H. L. DAVIS, Att'y,
"HENRY L. DAVIS,
"J. MILTON HAGY.
"GEO. H. PERKINS,
"R. H. WALLACE,
"JNO. H. HOWLAND,
"HENRY WARDEN,
"J. T. K. HAYWARD,
"SIDNEY T. FULLER,

"Witness present:
  "FRANKLIN NICHOLSON.

" Before me, the subscriber, a notary public of the commonwealth of Pennsylvania, residing in the city of Philadelphia, personally appeared the above named William G. Warden, Henry L. Davis, Sidney T. Fuller, John M. Hagy, George H. Perkins, Richard H. Wallace, John H. Howland, Charles Pratt, and Henry Warden, and John T. K. Hayward, and declared the above statement to be true and correct; that they signed the same, and acknowledged the same to be their, and each of their, act and deed, and desired the same as such to be recorded according to law. Witness my hand and official seal this second day of February, A. D. 1878.

" FRANKLIN NICHOLSON, [SEAL.]<br>" Notary Public.

" Recorded, January 9, 1879, at 10:10 a. m.

" CITY AND COUNTY OF PHILADELPHIA, SS.

" I, Louis Wagner, recorder of deeds for said city and county, keeper of the records of deeds, in said city and county, do hereby certify that the above and foregoing is a true and correct copy of an instrument of writing, found of record in my office, in Corporation Partnership Limited Book, No. 1, Page 222, etc.

" [SEAL]   " Witness my hand and seal of office, this fourth day of April, A. D. 1879.

" LOUIS WAGNER,<br>" Recorder of Deeds."

The plaintiff next offered evidence showing that the defendants were members of the said partnership company, or association; and that plaintiff, Leonora Smith, was injured in consequence of the explosion of a steam boiler, then being used by said partnership company, at their place of business, in Hannibal, Marion county, Missouri. Plaintiff, then, by various witnesses, including said Leonora Smith, introduced evidence tending to show

that at the time of the explosion the plaintiff, Leonora Smith, was sitting in a chair in the door of her house, across the street from and opposite to the head of the boiler; and, further, tending to prove that the explosion of the boiler threw water, pieces of coal, and pieces of brick, into the room where plaintiff Leonora was sitting, striking her in the abdomen, and overturning the chair in which she was sitting, felling her to the floor, and rendering her insensible; and, further, tending to prove that said missiles produced inguinal hernia on each side of the abdomen of said Leonora Smith, and made bruises upon her abdomen and legs; that she was under medical treatment, on account of said injuries, for eight or ten days, and was thereby confined to her house about two months. The evidence of plaintiff further tended to show the nature, extent, and duration of plaintiff's said injuries and suffering in consequence of the explosion of said steam boiler, as aforesaid.

Without going into particulars, it is sufficient, for the present, to say generally that the plaintiff then offered evidence of witnesses Lippincott and McElvaney, two experienced locomotive engineers, tending to show that the explosion of said steam boiler, and plaintiff's said subsequent injuries were due to and caused by the failure of the employes of said company, in the use and management of said boiler, to use a reasonable degree of care and caution to prevent said explosion and said consequent injuries, as aforesaid.

On the contrary, we may add, also, that the defendants, on their part, offered evidence on this point tending to show that there was no want of care or caution on the part of said employes in the use and management of said boiler. The defendants, in further support of their said answer, offered in evidence the statutes of Pennsylvania in relation to limited partnerships, the first and second sections of which alone need be given, and are as follows, to-wit:

"1.  When any three or more persons may desire to form a partnership association, for the purpose of conducting any lawful business or occupation, within the United States or elsewhere, whose principal office or place of business shall be established and maintained within this state, by subscribing and contributing capital thereto, which capital shall alone be liable for the debts of such association, it shall and may be lawful for such persons to sign and acknowledge before some officer competent to take the acknowledgment of deeds, a statement, in writing, in which shall be set forth the full names of such persons, and the amount of capital of said association subscribed for by each; the total amount of capital, and when and how to be paid; the character of the business to be conducted, and the location of the same; the name of the association, with the word 'limited' added thereto as part of the same; the contemplated duration of said association, which shall not in any case exceed twenty years, and the names of the officers of said association, selected in conformity with the provisions of this act.  And any amendment of said statement shall be made only in like manner; which said statement and amendments shall be recorded in the office of the recorder of deeds of the proper county.

"2.  The members of any such partnership association shall not be liable under any judgment, decree, or order which shall be obtained against such association, or for any debt or engagement of such company, further or otherwise than is herein provided; that is to say, if any execution, sequestration, or other process in the nature of execution, either at law or in equity, shall have been issued against the property or effects of the company, and if there cannot be found sufficient thereof, whereon to levy or enforce such execution, sequestration, or other process, then such execution, sequestration, or other process may be issued against any of the members to the extent of the portions of their subscriptions, respectively,

in the capital of the association, not then paid up : *provided, always,* that no such execution shall issue against any member, except upon an order of court, or of a judge of the court in which the action, suit, or other proceeding shall have been brought or instituted ; and the said court or judge may compel the production of the books of the association, showing the names of the members thereof, and the amount of capital remaining to be paid upon their respective subscriptions, and from them, or other sources of information, ascertain the truth in regard thereto, and may order execution to issue accordingly ; and the said association shall be and it is hereby required to keep a subscription list book for that purpose, and the same shall be open to inspection by the creditors and members of the association at all reasonable times."

The defendants also offered, and read in evidence, the following agreement between Henry Smith, the husband of the plaintiff, Leonora, and the defendants, to-wit:

"HANNIBAL, Mo., October 9, 1878.

"I have this day agreed with Mr. Smith, as a matter of good neighborhood, and not acknowledging any legal obligation on the part of the Meat Company, to pay him the actual damage to his furniture, as ascertained by a reference, who examined it after the damage. I will also pay the doctor's bill incurred by him for his wife up to the present time, and pay for a good truss for his wife, and this is to be in full for all claims for damages growing out of the boiler explosion at the Meat Company's works some two months ago, whether the same be legal or otherwise, to Mr. Smith, his property, or members of his family.

"J. T. K. HAYWARD,
"(Signed)      for Hannibal Meat Co., Limited.
"HENRY SMITH."

This agreement is endorsed by Henry Smith, as follows: "Received on account of the within fifty dollars. Henry Smith." The defendants further proved the payment of two doctors' bills, one for thirty dollars, and the other for five dollars, and a readiness to pay the bill for the truss whenever presented. The defendants also offered evidence tending to show that the hernia with which plaintiff Leonora Smith is afflicted, was not produced by said explosion, and was of anterior date and chronic in its character. There was other evidence in the cause not deemed material to the proper disposition of the case, and need not be further noticed. At the conclusion of the testimony the court, of its own motion, instructed the jury as follows:

"1. It is admitted by the pleadings that plaintiff, Leonora Smith, was injured in consequence of the explosion of a steam boiler then used by the Hannibal Meat Company at their place of business, but the defendants deny that such injury was to the extent claimed by plaintiffs."

"2. The articles of association, read in evidence, are sufficient to show *prima facie* that the defendants were, at the time the injury occurred, members of the Hannibal Meat Company."

"3. If the jury find, from the evidence, that the injury to the person of the plaintiff Leonora was caused by the want of a reasonable degree of skill in the employe of said company in charge of the boiler at the time of the explosion, or if the jury find that such injury was caused by the failure of said employe to use a reasonable degree of care and caution to prevent the explosion, the defendants, as members of said Hannibal Meat Company, Limited, are liable for the actual pecuniary damage resulting from said injury to the person of said Leonora, and the verdict should be for the plaintiffs."

"4. It is for the jury to determine, upon all the facts and circumstances in evidence, whether the explo-

sion of the boiler was, or was not, caused by the want of a reasonable degree of skill in the employe of said company, or whether said explosion was, or was not, caused by the failure of said employe in charge of said boiler to use a reasonable degree of care and caution to prevent said explosion."

"5. The agreement read in evidence, signed by the plaintiff Henry Smith, and the payments made to him and to the physicians under that agreement, do not constitute a defence to this action."

"6. Unless the jury find, from the evidence, that the explosion of the boiler resulted from the want of a reasonable degree of skill in the employe of the company having the charge and management of the boiler at the time of the explosion, or that the explosion was caused by the failure of said employe to use a reasonable degree of care and caution in the management of said boiler, they should find a verdict for the defendants."

"7. If the jury find the issue for the plaintiffs, the measure of her damage is the actual pecuniary loss or damage sustained by her, and in estimating such actual damage, they may take into consideration every fact and circumstance proved in evidence tending to show the nature and extent of the injury to her person caused by the explosion."

To the giving of which instructions and each of them defendants at the time excepted.

At the instance of the defendants, the court also gave the following instructions:

"3. The court instructs the jury that there is no evidence before the jury tending to prove that the man Collins, spoken of by witnesses as being in charge of the boiler at the time of its explosion, was not possessed of reasonable knowledge or skill in the management of steam boilers."

"4. There is no evidence tending to show that the said boiler, prior to and at the time of said explosion,

was, by reason of defects thereof, in an unsafe or danger-ous condition."

The court refused the following instructions, asked by the defendants, to which they excepted : "1. If the defendants herein, with others, on the ———— day of ————, 1878, organized an association under the name of The Hannibal Meat Company, Limited, in the city of Philadelphia, state of Pennsylvania, under and in pur-suance of the laws of Pennsylvania read in evidence by defendants, and if said association thereafter established a place of business and office at the city of Hannibal, in Marion county, Missouri, and if, at the time of the ex-plosion of the boiler which caused the injury complained of by plaintiffs, said boiler belonged to and was being used by said company in its business, then and in that case plaintiffs cannot recover in this action against these defendants." ·

"2. Even if the jury should believe from the evidence in the cause that the person in charge of the boiler at the time of the explosion was not a person skilled in the management of steam boilers, and that said explosion resulted from such unskilfulness, nevertheless, if the jury shall further find from the evidence that defendants in the selection and employment of such person, exer-cised proper and reasonable care and prudence, then and in that case defendants are not responsible for any damage to plaintiff resulting from the fact that said employe did not possess reasonable skill in said business."

The plaintiff had a verdict for fifteen hundred dol-lars, and there was judgment accordingly, from which after an unsuccessful motion for new trial, and in arrest, defendants have appealed to this court. It appears from this record that the only questions before us for review grew out of the action of the court in giving and refusing instructions.

It is insisted for appellants that the court erred in

the third and fifth instructions given on its own motion, also in refusing the first instruction asked by the defendant. These positions are denied by respondent. The theory or contention of the appellants is that the "Hannibal Meat Company, Limited," is a corporation or joint stock company, duly organized in the state of Pennsylvania, under and by virtue of a statute of that state, having its chief office in said state, but doing business as such by virtue of said Pennsylvania law, at Hannibal, in Marion county, Missouri, when and where the injury complained of occurred, that said corporation, as such, is alone liable and suable for said injury, and that these defendants as members of said company, are not liable to be sued or responsible therefor, except to the extent and in the manner as therein provided ; and, further, that said corporation, or joint stock company being organized under the laws of a sister state, for purposes and with limitations consistent with the policy of our laws, will be recognized and protected by the courts of this state with the rights and exemptions incident thereto.

The respondent, however, insists that even if appellant's legal propositions were admitted to be correct, still there is no evidence in this record that said corporation or joint stock company, in point of fact, was ever organized in conformity to the provisions of said Pennsylvania statutes, or that said statute is consistent with the policy of our laws on the same or kindred subjects.

What are the facts, as shown by the record ? It appears that the Pennsylvania statute in question, under which the defendants claim exemptions and protection provides that when three or more persons desire to form a co-partnership association, for the purpose of conducting any lawful business or occupation within the United States, or elsewhere, whose principal office or place of business shall be established and maintained within said state, by subscribing and contributing capital thereto,

which capital shall alone be liable for the debts of such association, it shall and may be lawful for such persons to sign and acknowledge before some officer competent to take the acknowledgment of deeds, a "statement in writing," in which shall be set forth, among other things, "the character of the business to be conducted and the location of the same," * * * "which said statement, etc., shall be recorded in the office of the recorder of deeds of the proper county." The record does show that said articles of association were filed and recorded in the office of the recorder of deeds, in and for the city and county of Philadelphia, in said state, on January 9, 1879, but this was five months after the injury in question was inflicted. A full compliance with that law, both as to the statements to be made in the articles of association and the record thereof was essential, and a pre-requisite to the formation of the limited partnership or association in that state, and if the parties proceeded to do business before thus having complied with the law, they did so as general partners. Until such record was made in the state of Pennsylvania, they were general partners even in that state, and as a necessary result they must be held bound and liable as such in this state. The statutes of Pennsylvania, as such, can have no extra-territorial force or operation in this state, but rights which had accrued in that state under such statutes might be enforced here.

There was evidence tending to show that some injury was also occasioned by said explosion to the furniture and household effects of Mr. Smith, the husband, besides that done to the person of the wife, for which this action was brought. For these several injuries, two distinct causes of action arose; one to the husband for the injury to his furniture, etc., and the other to the wife for the injuries to her person. The receipt of the husband, offered and read in evidence, was no bar to the cause of action, thus accruing to the wife, and for which this suit

was brought.   By its own terms, fairly construed, the receipt of the husband is limited to the payment of the actual damages to his furniture, to the payment of the doctors' bills incurred by him by reason thereof, up to that date, and in further payment of a truss to be purchased for the wife.   If there is anything in the latter clause of the receipt, indicating that the same is to be in full for all damages done to the person of the wife, then the same to that extent is without consideration, and besides that, there is no evidence that the husband had any authority from the wife to settle or dispose of her right of action, growing out of the injury so done to her person.   See section 3296 of the revision of 1879, p. 560; *Eystra v. Capelle*, 61 Mo. 578; *Smith v. City of St. Joseph*, 55 Mo. 456; *Rogers v. Smith*, 17 Ind. 323; *Long v. Morrison*, 14 Ind. 595; 13 Ind. 366; 15 Ind. 73; 53 Mo. 470; 52 Mo. 319; 73 Mo. 28; 65 Mo. 202, 205.

It follows, therefore, that there was no error in the giving or refusing of said instructions.   Those given presented the whole case fairly to the jury and their verdict is conclusive as to all matters of fact, about which the testimony was conflicting and contradictory.

Some exceptions were taken at the trial to the admission of evidence, but they are not insisted on here and were not well taken.   Finding no error in the record, the judgment of the trial court, for the reasons stated, is affirmed.   All concur.