May Term,
1839.

CARTER
v.
HARRISON.

---

CARTER *v.* HARRISON and Another.

A judge or inspector of an election, who, merely in consequence of an error of judgment, refuses to receive a legal vote, is not liable to a suit for such refusal: *Aliter*, if he wrongfully and maliciously refuse such vote.

*Monday,*
*May 27.*

ERROR to the *Marion* Circuit Court.

BLACKFORD, J.—Trespass on the case. The first count states, that one of the defendants was a judge, and the other an inspector, of an election in the county for members of the legislature; that the plaintiff had a legal right to vote at that election; and that the defendants maliciously and with a fraudulent intent, refused to receive the plaintiff's vote. The second count is similar to the first, except that it omits to charge any malice or fraud. The defendants pleaded the general issue. Verdict and judgment for the defendants.

The Court directed the jury to disregard the second count; and informed them that unless the defendants had refused the vote wrongfully and maliciously, they were not liable to the suit.

We think this opinion of the Circuit Court is correct. The case of *Ashby* v. *White* is the leading one on the subject. The declaration in that case alleged that the defendants, in rejecting the vote, acted *fraudulently* and *maliciously*; and the house of lords, in sustaining the action, gave as a reason for their opinion, the *wilful* misconduct of the defendants. 1 Brown's Parl. Cas. 1st ed. p. 49. The same doctrine is established in *Drewe* v. *Coulton,* reported in a note to *Harman* v. *Tappenden,* 1 East, 563. Justice *Wilson* there says, that the action, in its nature, is an action for misbehaviour by a public

officer in his duty ; that it cannot be called a misbehaviour unless maliciously and wilfully done ; and that the action does not lie for a mistake in law. He cites the case of the bridge-master, Bull. N. P. 64, as in point, and says that the house of lords, in *Ashby* v. *White*, relied for their opinion in favour of the action, upon the ground that the act was *wilful*. The same principle is also fully recognized in *Harman* v. *Tappenden*, 1 East, 555. Indeed, there is no doubt but that the law in *England* is settled, that such an action as that before us does not lie, unless malice or its equivalent be shown.

May Term, 1839.

CARTER v. HARRISON.

The question involved in this case has been ably discussed by the Courts of *New-York* and *New-Hampshire*, and their decisions of it are the same with the *English* authorities. *Jenkins* v. *Waldron*, 11 Johns. 114.—*Wheeler* v. *Patterson*, 1 New-Hamp. Rep. 88.

It is true, that there is a contrary decision in *Massachusetts*, upon which the plaintiff relies. *Lincoln* v. *Hapgood*, 11 Mass. 350. But the Court there admit their decision to be in opposition to the *English* doctrine ; and it appears to us, that the reasons of that decision are shown by Chief Justice *Richardson*, in the *New-Hampshire* case to which we have referred, to be insufficient to sustain it.

Our opinion is in accordance with that of the Circuit Court. If persons, when discharging the duties which devolved upon these defendants, wrongfully and maliciously deprive a man of his right to vote, they do him an intentional and serious injury, for which he may have an action against them. But if their refusal of a legal vote, be merely in consequence of an error of judgment, and no wilful wrong can be imputed to them, they ought not to be liable to a suit.

*Per Curiam.*—The judgment is affirmed with costs.

*P. Sweetser*, for the plaintiff.

*J. Morrison*, *W. Quarles*, *C. Fletcher*, and *O. Butler*, for the defendants.