Bevard vs Hoffman *et al.*

(Decided June 28th, 1862.)

# WILLIAM H. BEVARD *vs.* ISAAC HOFFMAN and others.

The office held by judges of election is in its nature *judicial,* and such officer cannot be held legally responsible for any thing more than an *honest* and *faithful exercise of his judgment,* and is not liable for the consequences of mistakes honestly made. ·

Bevard *vs*. Hoffman *et al*.

In an action against judges of election, for refusing to permit the plaintiff to vote, the declaration must allege, that the act was done *wilfully* and *fraudulently*, or *corruptly*: for wrongs *so done*, these officers are liable both *civilly* and *criminally*, but *not* for an error of judgment.

APPEAL from the Circuit court for Carroll County.

Action, brought December 3rd, 1856, by the appellant against the appellees, judges of election for the eighth election district of Carroll county, to recover damages for their refusal to permit the plaintiff to vote at the presidential election, November 4th, 1856. The declaration avers, that the plaintiff was *duly entitled* to vote at that election, and that the defendants, the duly appointed, qualified and acting judges of election, refused to receive the plaintiff's ballot, which he was authorised by law to cast at that election, and to permit him to vote. The defen-  'ts demurred, 1st. Because the action cannot be sustained  the defendants *jointly*. 2d. Because the defendants are judges clothed w       dicial power granted to them by law. 3rd. Because the declaration does not allege that the defendants, as judges of the election, in discharging their duty, acted fraudulently, wilfully, corruptly and maliciously, in refusing to receive the plaintiff's ballot.

The court (NELSON, J.) sustained the demurrer, and gave judgment thereon for the defendants, from which the plaintiff appealed.

The cause was argued before BOWIE, C. J., BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Oliver Miller* for the appellant:—This is the case of a citizen, admitted to be entitled to vote, deprived of his right of suffrage by the refusal of the judges of election to receive his ballot, and the questions are, can this action be maintained against these officers for such refusal? and if so, does this declaration contain sufficient allegations to support it? This is a new question in this State, and the appellant insists:—

1st. That the decisions of the courts of every State of the Union, where the question has arisen, are full to the point, that

an action lies against such officers *jointly*, at the suit of the citizen who has been deprived of his vote, and the fact that they were acting *judicially*, or were *quasi judges*, in the discharge of the duties of their office, makes no difference.

2nd. That the action lies, as well where the citizen has been deprived of his vote by the *mistaken judgment* of these officers, as where he has been deprived of it by their wilful, corrupt, and malicious action. Upon this point the decisions of the courts of the different States are in conflict; some holding that it is necessary to allege and prove wilful, corrupt, and malicious conduct on the part of these officers, to sustain the action, whilst others hold that such averments and proof are not necessary, but the fact of the absence of fraud, corruption, and malice, is only to be considered in mitigation of damages, and not in bar of the action, and it is submitted the latter class of decisions should govern in this case, as being best calculated to secure to the citizen the exercise of the right of suffrage, which has so often, in our Constitution and form of government, been declared to be an *invaluable right*, and at the same time, not to harass with unnecessary damages, those who are appointed and paid to preside at elections, for an honest mistake in rejecting a qualified voter. 2 *Ld. Ray.*, 938, *Ashby vs. White.* 2 *Mass.*, 236, *Kilham vs. Ward, et al.* 11 *Mass.*, 350, *Lincoln vs. Hapgood, et al.* 9 *Pick.*, 312, *Henshaw vs. Foster, et al.* 5 *Metc.*, 298, *Blanchard vs. Stearns, et al.* 11 *Ohio*, 373, *Jeffries vs. Ankeny, et al.*

*Jos. M. Palmer,* for the appellees:—In this State, judges of election are judicial officers, and have judicial powers while attending to their duties on the day of election;—they are conservators of the peace during the continuance of the election, may commit offenders for any breach of the peace, and are required to take an oath to permit all persons to vote, who, in *"their judgment,"* are entitled, under the Constitution and laws, to vote, and not to permit any person to vote who is not, *"in their judgment,"* qualified to vote, and that they will in

all things execute the *office* of *judges* of the election without favor or partiality. *Code,* *Art.* 35, *secs.* 7, 9. It must, I think, be conceded, that while so acting they are *judicial officers,* and if so, this action cannot be sustained without a charge in the declaration, that in refusing to permit the plaintiff to vote they acted *corruptly* and *maliciously.* Mere *error of judgment* in not permitting a man to vote, certainly cannot lay the foundation of an action against *judges;* if so, but few men could be procured to act in such capacities. It is a well settled principle of the common law, that all judicial officers, while acting judicially, are exempt from a civil action for any act done or omitted to be done. This principle is deeply rooted in the common law, and is to be found in all the judicial records of England and this country. In cases like this, the gist of the action is corruption and malice, which must be alleged and proved. 1 *Chitty's Pl.,* 78. 21 *Wend.,* 554, *Stewart vs. Hawley.* 5 *Johns.,* 282, *Yates vs. Lansing.* 6 *Bing.,* 85; *Mills vs. Collett.* 2 *Bl. Rep.,* 1145, *Miller vs. Seare.* 1 *Day,* 315, *Phelps vs. Sill.* 8 *Wend.,* 467, *Tompkins vs. Sands.* 2 *Burr.,* 785, *Rex vs. Cox.* 1 *East,* 555, *Harman vs. Tappenden,* et al. 1 *East* 563, *(note,) Drewe vs. Coulton.* 11 *Johns,* 120, *Jenkins vs. Waldron.*

BARTOL, J., delivered the opinion of this Court.

The plaintiff in this case, as shown by the record, was a citizen of Carroll county legally entitled to vote at a Presidential election held in that county; the defendants were judges of election duly appointed, commissioned and qualified, and acting as such. The declaration charges that the defendants "then and there refused to receive from the plaintiff the ballot which he was authorized by law to cast at said election, and to deposit the same in the said ballot box, and then and there refused to permit the plaintiff to vote at said election." The defendants demurred to the declaration, thus raising the question, whether the matters therein alleged are sufficient in law to entitle the plaintiff to maintain his action. In some aspects

this question is one of great interest and importance; the right alleged to have been violated, is justly esteemed as one of the most precious and valuable belonging to the citizen. In our State, where almost every public officer is chosen by the votes of the people, the right of suffrage cannot be too highly prized or too carefully protected. At the same time the nature of our institutions equally demands, that public officers, acting faithfully and honestly in the discharge of their duties, and within the limits of their constitutional powers, shall be protected from liability for mistake or errors of judgment from which none are exempt; provided they are unmixed with fraud or corruption. In this case no fraud or corruption is charged in the declaration, but the appellant contends, that his right of suffrage being conceded, the defendants are liable to him for damages for depriving him of that right, no matter how innocently they may have acted in the matter.

In passing on this question we deem it proper to premise, that the office held and exercised by the defendants, was, in its nature, judicial; the law having necessarily confided to them the duty of exercising judgment in the discharge of their functions. In such a case, this court is of opinion, the officer cannot be held legally responsible for any thing more than an *honest* and *faithful exercise of his judgment*, and is not liable for the consequences of mistakes honestly made. Although the authorities on this point are not entirely harmonious, the conclusion stated seems to be best supported by them, as well as by good reason and sound public policy.

The cases cited by the appellant, which appear most strongly to support the opposite conclusion, were *Ashby vs. White*, 2 *Ld. Raymond*, 938; and *Lincoln vs. Hapgood*, et al., 11 *Mass.*, 350. The decisions in those cases assert the principle, that a party who, like the plaintiff, has been deprived of a right, is thereby injured and must have his remedy. It seems to us that the error of the application of that principle to this case, consists in a misapprehension of what is the right of a citizen under our election laws? In one sense, if he is a legal

voter, he has the right to vote, and is injured if deprived of it; but the law has appointe· · · · · · whereby his right to vote is deci· ·, and for that purp··· has provided judges to determine that question, and has also provide· ·e most careful guarantees for a proper discharge of duty b· the judges, by the mode of their selection and their oaths of office. In all governments, power and trust must be reposed somewhere, all that can be done is to define its limits, and provide means for its proper exercise. When the act in question is that of a judicial officer, all that the law can secure is a guarantee, that they shall not with impunity do wrong *wilfully, fraudulently or corruptly*. If they do so act, they are liable both civilly and criminally; but for an error of judgment, they are not liable either civilly or criminally. If the citizen has had a fair and honest exercise of judgment by a judicial officer in his case, it is all the law entitles him to, and although the judgment may be erroneous, and the party injured, it is *"damnum absque injuria,"* for which no action lies.

This, in our opinion, is the most reasonable rule, and it will be found supported by the weight of authority, both in England and in this country.

*Judgment affirmed.*

(Decided July 9th, 1862.)