## HUGH J. KEENAN *vs.* DAVIS COOK *et als.*
## SAME *vs.* SAME.

Boards of canvassers sitting to correct voting lists exercise judicial functions.

*Query.* Whether they are liable in a civil action for striking a name from the voting list or for refusing to place a name on it.

But if they are so liable :

*Held*, that they are to judge of the proof prescribed by Gen. Stat. R. I. cap. 7, § 14, and that in the absence of evidence showing that they struck a name from the voting list without proof of disqualification which was satisfactory to them, judgment must be given in their favor.

Gen. Stat. R. I. cap. 7, § 21, provides that the canvassers shall not be answerable for re-
fusing to place on the voting list an omitted name " unless they shall be furnished with
sufficient evidence of the omission and of the qualifications as a voter of the person
omitted : "

*Held*, that the canvassers were to judge of the sufficiency of the evidence.

In an action against them for refusing to place a name on the voting lists :

*Held*, that in the absence of evidence showing that they decided dishonestly, or with a wil-
ful purpose to deprive the plaintiff of his rights, although their decision was precipitate
and erroneous, judgment must be given in their favor.

TRESPASS on the case. Appealed from the Court of Common
Pleas. Heard by the court.

*February* 12, 1878. DURFEE, C. J. These are actions
against the defendants as members of the board of canvassers of
the town of Cumberland, for the years 1876 and 1877. The dec-
laration in the first action alleges that the board held a meeting
in 1876, for the purpose of correcting the list of persons qualified
to vote in voting district No. 2, in said town, and, at said meet-
ing, struck the plaintiff's name from the voting list, where it was
and had been for years, without any proof being presented to
them that he was not qualified to vote, whereby he was deprived
of his right to vote, &c. The declaration appears to be framed
in view of Gen. Stat. R. I. cap. 7, § 14, which provides that
" no name shall be stricken from the voting list by any board of
canvassers, unless proof shall be presented to said canvassers
that such name is the name of a person not qualified to vote,
or who may not be qualified according to the provisions of this
title." § 20 imposes a fine upon every member of the board of-
fending, if the board " shall wilfully and fraudulently reject and
cause to be erased from said list the name of any person entitled
to vote." There is no express provision for any civil action
against the board or any member of the board. The functions
of the board are clearly judicial. See § 18, and *Weeden* v. *Town
Council of Richmond*, 9 R. I. 128. But, supposing the defend-
ants are liable to a civil action, is the evidence submitted to us
such as entitles the plaintiff to judgment ?

The testimony submitted shows that the plaintiff's name was
on the voting list among the registry voters ; that at a meeting
of the board, one John F. Clarke moved to have it struck off,
and being sworn, testified that he knew the plaintiff was born in
Scotland, and that thereupon, by vote of the board, the name
was struck from the list. The testimony also tends to show that

evidence was offered to the board on the part of the plaintiff, that the plaintiff's father was naturalized after the plaintiff came to this country, and during his minority, which would have the effect of making the plaintiff a citizen. It is not clear that this evidence was brought distinctly to the notice of the board ; but, if it was, does it follow that the board violated the statute in erasing the name ?

The plaintiff contends that nothing short of absolute proof of his disqualification would justify the erasure, and that he is entitled to recover in this action if he was in fact qualified to vote, however well satisfied the defendants may have been that he was not qualified, by the evidence presented to them. He seeks to hold the canvassers under our statute to a stricter rule than is ordinarily applied to returning officers or inspectors of elections, though the canvassers are more unquestionably judicial functionaries ; for by the clear current of authority, both in England and in this country, a returning officer or inspector of an election is not liable civilly for rejecting a vote, unless the rejection is wilful and malicious as well as wrong. *Ashby* v. *White et als.* Ld. Raym. 938; Smith Lead. Cas. *342, and note ; *Harman* v. *Tappenden et als.* 1 East, 555 ; *Weckerly* v. *Geyer*, 11 Serg. & R. 35, 39 ; *Jenkins* v. *Waldron*, 11 Johns. Rep. 114 ; *Wheeler* v. *Patterson*, 1 N. H. 88 ; *Carter* v. *Harrison*, 5 Blackf. 138 ; *State* v. *Porter*, 4 Harring. (Del.) 556 ; *Rail* v. *Potts & Baker*, 8 Hump. 225 ; *Peavey* v. *Robbins*, 3 Jones (N. Car.), 339 ; *Morgan* v. *Dudley*, 18 B. Mon. 494, 693 ; *Bevard* v. *Hoffman*, 18 Md. 479 ; *Friend* v. *Hamill*, 34 Md. 298. We do not think the rule for canvassers under our statute is any more stringent. The statutory provision that the canvassers shall not strike the name of any person from the voting list without proof that he is not or may not be qualified to vote, at most signifies only that they are not to strike it off without proof, which satisfies them that he is not or may not be qualified ; for by § 18 it is provided that they may hear evidence in regard to the right of any person to have his name on the list, and that they " shall *decide* upon the same."

We think the testimony submitted to us in the first of the cases at bar does not show that the defendants struck off the name of the plaintiff without proof which satisfied them that he was

not qualified to vote, and we must therefore render judgment in their favor.

The second action is for refusing to add the plaintiff's name to the voting list, though the plaintiff alleges he showed the defendants as canvassers that he was entitled to vote, and had the right to have his name on the list, and requested them to add it. The statute, § 21, provides that the canvassers shall not be answerable for refusing to place on the list the name of any person omitted, "unless they shall be furnished with *sufficient evidence* of the omission, and of the qualifications as a voter of the person omitted." What is meant here by "sufficient evidence" is, we think, evidence sufficient to convince the canvassers; that is to say, they are to decide whether it is sufficient or not. In order to maintain this action, therefore, it is incumbent on the plaintiff to show that the defendants refused to restore his name after hearing evidence sufficient to convince them, or which they thought sufficient to show that he had a right to have it restored, or, in other words, that they were not honest in their refusal. Now the testimony shows that the plaintiff appeared before the canvassers at one of their meetings in 1877, and requested to have his name added to the list, and supported his request by producing the certificate of his father's naturalization, together with a copy of the law under which he claimed that he became a citizen, through the naturalization of his father. The defendants, however, appear to have believed either that the copy was not authentic, or that the law was not operative in Rhode Island. In consequence of this misapprehension they decided that the plaintiff, being a foreigner, must himself be naturalized to gain the right to vote, and consequently that the evidence furnished was insufficient. They decided the point erroneously and doubtless with too much precipitation; but we do not think the testimony shows that they decided it dishonestly, or with any wilful purpose of depriving the plaintiff of his just right. In this case, also, we must therefore render judgment for the defendants.

In these cases, however, we have a discretion in regard to the costs, the cases having been brought here by appeal. Gen. Stat. R. I. cap. 206, § 5. And we think it is proper, under the cir-

cumstances, not to give the defendants costs. We give them judgment without costs.

*Judgment for defendants. No costs.*