## ISAACS *v.* McNEIL *et al.*

*(Circuit Court, S. D. Washington. November 10, 1890.)*

ELECTIVE FRANCHISE—DENIAL OF RIGHT—STARE DECISIS.

Damages cannot be recovered, in an action against election officers, for deprivation of plaintiff's right, under the laws of Washington Territory, to vote, (if such right existed,) where the decision of the board as to her right to vote was controlled by and followed a previous decision of the supreme court of the territory, which decision had not been reversed or overruled, and where no rudeness or malicious conduct on the part of the defendants is charged.

*(Syllabus by the Court.)*

At Law.   On demurrer to complaint.
*J. L. Sharpstein* and *Laura De Force Gordon*, for plaintiff.
*D. J. Crowley*, for defendants.

HANFORD, J.   This is an action against the inspector and judges of election of a precinct to recover damages for depriving plaintiff of a right which she claims of voting at the general election held in the territory of Washington on the 1st day of October, 1889.   The complaint does not charge the defendants with having insulted her, or with any rudeness or malicious conduct.   The injury, if any, was committed by the mere refusal of the board to receive and count the plaintiff's ballot.   The question as to the right of women to vote in Washington Territory, at the said election, depends upon the validity of an act of the territorial legislature, which the supreme court of the territory has held to be void, because in conflict with an act of congress, and this court has jurisdiction of the case only by reason of the fact that this question involves the construction of said act of congress.   The court cannot, however, pass upon that question in this case, for, even if plaintiff's right to vote at said election be conceded, she cannot maintain the present action.   The decision of the supreme court of the territory in the case of *Bloomer* v. *Todd*, 3 Wash. T. 599, 19 Pac. Rep. 135, was rendered prior to the election at which the plaintiff was denied the right to vote, of which she complains.   In that decision the court held that women were not lawfully entitled to vote; and as the laws were not thereafter, and prior to the election of October, 1889, changed, and as that decision had not been reversed or overruled, it must have controlled the defendants in this case in giving their decision as to the plaintiff's right to vote at said election, and they cannot be held liable in an action for damages merely because they followed it.   If the decision be erroneous, the supreme court is responsible for the error; and as the law shields the judges of that court from an attack of this nature, it follows, of course, and is a rule of common sense and natural justice, that the members of an inferior and humbler tribunal, which of necessity accepted their decision, and followed it, are protected by the same shield.   The authorities, as well as reason, so declare.   Mechem, Pub. Off. §§ 638, 639, 695; *Gordon* v. *Farrar*, 2 Doug. (Mich.) 409; *Wall* v. *Trumbull*, 16 Mich. 228; Cooley, Torts, p. 413; *Jenkins* v. *Waldron*, 6 Amer. Dec. 359.   The demurrer is sustained.