[No. 6004.]

MORRIS v. THE COLORADO MIDLAND RAILWAY COMPANY.

1.   **Loss of Vote—Action—Damages**—No action lies for preventing a qualified voter from exercising his right to vote at a particular election, unless the conduct of the offending party is with evil intent.—(149)

2.   **Right to Vote—Nature of Damages for Preventing**—The right to vote is neither a property, nor a personal right, but a political privilege, not estimable in dollars and cents.   To prevent the voter's exercise of the right is, primarily, a wrong against the public.   Where the voter is entitled to an action the damages are exemplary.—(150)

*Error to Denver District Court*—Hon. Booth M. Malone, Judge.

Mr. Thomas B. Stuart, Mr. Charles A. Murray, and Mr. Robert M. Work, for plaintiff in error.

Messrs. Rogers, Cuthbert & Ellis, and Mr. Pierpont Fuller, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court:

The action is for an alleged breach of a special contract, on the part of the defendant railway company, in failing to carry the plaintiff from Denver to Glenwood Springs, and return him to the former place in time to meet certain business engagements on November 8, 1904, and to vote at the general election then holden. Damage is laid in the sum of $16.35 for loss of time and money necessarily expended because of delay, and at $10,000.00 for being deprived of the privilege of voting. There is no claim or proof of other special damage.

At the close of the plaintiff's evidence the court instructed a verdict for $16.35, declining to allow the jury to consider the question of the loss of plaintiff's vote as an element of damage, no willful or malicious motive having been either alleged or proven.

Inasmuch as the defendant does not seek a reversal of this judgment, on the ground that there was no special, specific agreement to get plaintiff back at a time certain, let it be assumed, for the purposes of this decision, that there was such agreement, though we do not so hold, it being unnecessary in this case to determine that question.

Is the fact that the plaintiff lost his vote, because of the negligent manner in which the defendant operated its road and conducted its train, to be reckoned as an element of damage in his favor and

against the company as for breach of contract? The question is whether, where one has, as the incidental and indirect result of an unintentional, though negligent, fault of another, been deprived of his vote, the latter can be mulcted in damages, on account of such loss, there being no pretense of improper motive in the transaction. The deprivation complained of was, according to the proofs, clearly the result of accident, not of design, indeed there is no contrary contention.

The weight of authority is to the effect that where a qualified voter is prevented from exercising his right to vote, there is no cause of action, unless the act of the party so preventing was sinister.— *Carter v. Harrison,* 5 Blackf. (Ind.) 138; *Perry v. Reynolds,* 53 Conn. 527; *Morgan v. Dudley,* 18 B. Mon. (Ky.) 693; *Caulfield v. Billock,* 18 B. Mon. 494; *Miller v. Rucker,* 1 Bush. (Ky.) 135; *Jenkins v. Waldron,* 11 Johns (N. Y.) 114; *Weckerley v. Geyer,* 11 S. & R. (Pa.) 35; *Isaacs v. McNeill,* 44 Fed. 32; *Patterson v. D'Auterice,* 6 La. Ann. 467, 54 Am. Dec. 564; *Dwight v. Rice,* 5 La. Ann. 580; *Bevard v. Huffman,* 18 Md. 479; *Friend v. Hamill,* 34 Md. 298; *Gordon v. Farrar,* 2. Dougl. (Mich.) 411; *Pike v. Megonn,* 44 Mo. 491; *Wheeler v. Patterson,* 1 N. H. 88, 8 Am. Dec. 41; *State v. Smith,* 18 N. H. 91; *Pearcy v. Robbins,* 48 N. C. 339; *Rail v. Potts,* 8 Humph. (Tenn.) 225; *State v. Porter,* 4 Harring (Del.) 556; *Giffin v. Rising et al.,* 11 Met. (Mass.) 339; *Ashby v. White et al.,* 1 Smith Leading Cases (9th ed.) 464.

At an early day a different rule was adopted in Massachusetts, and followed in the states of Ohio and Wisconsin, but in all other states, where there has been judicial expression upon the subject, and in England, a rule, contrary to that in Massachusetts, prevails. Even where the Massachusetts rule obtains it is held that only nominal or slight damage

should go, except wrongful conduct be charged and proven.—*Lincoln v. Hapgood,* 11 Mass. 350; *Jeffries v. Ankeny,* 11 Ohio 372; *Gillespie v. Palmer,* 20 Wis. 544.

The right of a qualified elector to vote is neither a property right nor right of person.—*Anderson v. Baker,* 23 Md. 531; 15 Cyc., page 280, paragraph 2, and authorities cited. It can in no sense be said to be an asset of commercial value. It is a privilege bestowed by law, which, although of paramount importance, is not such a privilege as can be measured by, or paid for in dollars and cents, or speculated upon for pecuniary gain. It is a political privilege, as distinguished from a property or personal right. It is only where the right itself has been assailed and denied, with a pernicious purpose, that a cause of action arises. The damage is then of an exemplary or punitive nature, visited on the evildoer for his misconduct, rather than as compensation to the party who has suffered the loss. The wrong primarily is against the public, not the individual. The damage is for general protection, to deter others from the commission of like offenses. In this case there is neither averment upon which to base, nor proof to support, exemplary damage, and there is no proof to show actual damage, other than the bare fact that the vote was lost. In general, where one is injured in respect of property or person, as the result of negligence by another, however unintentional the injury, the law implies damage, and permits recovery. It is otherwise where one loses his vote, through the fault of another, unless the loss is occasioned by design. In such case the law implies damage only where malice is shown, that is, malice is the gist of the action. Not only must the party have been deprived of his vote, but such result must be brought about through vicious motive. The mere fact that

one has been unable to enjoy a political right, as the unintentional result of the negligent conduct of another, gives no right of action, athough the loss may be a natural consequence of such conduct.

We have been unable to find a single reported case, in which a vote has been lost through alleged breach of contract, where an attempt has been made to have the loss included as an element of damage, in suit for such breach, nor has the diligence of vigilant counsel been able to discover one. While this fact is not conclusive of the right; it is at least persuasive to the belief that it does not exist, and surely not where the loss was not deliberately and willfully occasioned. Cases cited, except one hereinafter discussed, involve actions against election officers, and if in those malice is an essential to give a cause of action, all the more should this be true where the suit is against a party, in a purely private capacity.

The case most nearly in point is that of *Giffin v. Rising et al., supra,* where assessors failed to assess property of the plaintiff, and thus kept him off the list as a qualified voter. The result was that the plaintiff lost his vote, as the indirect, though logical and natural, result of the failure of the defendants to assess his property. He brought suit for this loss, alleging failure and neglect on the part of the assessors to perform their duties. In the face of its former decisions, holding election judges liable for incorrectly rejecting a vote, although done without malice, the court sharply distinguishes this case, and denied liability on the part of the assessors. The court, speaking through Chief Justice Shaw, said:

"The case of a suit against selectmen, for refusing the vote of a qualified voter, and that of assessors, neglecting to tax a citizen, by means of which he is deficient in one of the qualifications of a voter, are manifestly quite distinguishable. In the former,

the selectmen act directly upon the party's claim of right to vote, which is regarded as a valuable personal right; and if his vote is refused, supposing him entitled to vote, it is regarded in law as a direct violation of this personal right. But although assessors owe a duty to their constituents and to the public, to assess a tax on every one liable to taxation, yet the right of an individual to be taxed is not *prima facie* a beneficial right to him, and by omitting him they do him no direct wrong. If it operates indirectly to deprive him of a privilege, before it can be charged as a personal injury to him, it must be shown to be done for that or some other sinister or wrong purpose. The court are therefore of opinion, that the assessors are not liable to an action by an individual, who in fact was liable to taxation for his property or poll, for simply omitting to tax him, unless it be shown affirmatively that they omitted to tax him, willfully, purposely, or with design to deprive him of his vote, or unless they had actual knowledge of his liability to taxation, so plain and obvious, that a sinister purpose, and willful omission to tax him, in pursuance of such purpose, may be reasonably inferred by a jury. In such case it would be proper to leave the evidence to a jury, with directions to find for the plaintiff, if they should find that the assessors willfully omitted to tax the plaintiff, knowing him to be liable to taxation, for the purpose of depriving him of his right to vote, or otherwise to injure and oppress him.''

The foregoing case is a close parallel to the one at bar. There the plaintiff, as a natural result of the failure and neglect of the defendants to assess his property, lost his vote, the court holding, that unless it affirmatively appear that the defendants purposely and willfully omitted plaintiff from the tax roll, with the intent to deprive him of his vote, there can be no

recovery, So here, although it was agreed that plaintiff would get defendant home in time to vote, unless it be shown that the failure to do so was brought about by design, with the willful and malicious object of depriving him of that privilege, there is no cause of action.

On principle and authority we are persuaded that, in computing damages for the alleged breach of contract counted upon in this suit, the loss of plaintiff's vote may not be included as an element. His right to vote was not questioned. No humiliation or indignity was offered him. The defendant, purely through accidental happening, failed to return plaintiff in time to exercise this right. No money damage was thereby occasioned, and none may, therefore, on this score, be recovered, for it has not been, neither can be, shown that plaintiff has suffered, either in reputation, property or person.

The trial court was right in excluding from the consideration of the jury, under the circumstances of this case, plaintiff's loss of vote, as an element of damage for the breach of the contract complained of; and as there is no other question involved, which need be determined, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.