Donahoe v. Richards.

## COUNTY OF HANCOCK.

### DONAHOE *versus* RICHARDS & *al.*

The *parent* of a child expelled from a public school, by order of the superintending school committee, can maintain no action against *them* for such expulsion.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

CASE, against the superintending school committee of the town of Ellsworth, for expelling a minor child of the plaintiff from a district school in that town.

The writ contained three counts. The first count alleged that the act was done maliciously. The second alleged the act to be done wrongfully and unjustifiably, and the third set forth the particular facts in regard to the requirement made of the plaintiff's child to read from the Protestant version of the Scriptures, her declining to do so from conscientious scruples, and that the defendants wrongfully and unjustifiably expelled her from the school, and refused to allow her to return only on condition that she should read from that version.

When the cause came on for trial, the counsel for plaintiff said that he relied, in support of the action, upon the following facts, which he proposed to prove :—

On Nov. 14, 1853, and a long time before and at the time of trial, the plaintiff was a resident with his family in Ellsworth, and entitled to have his children educated at a public school in that town; *that* Bridget, his daughter, aged 15 years, has ever resided with him, and on the 14th of Nov., aforesaid, was a scholar in the district school in said town; *that,* prior to Nov., aforesaid, the defendants being the superintending school committee of Ellsworth, had directed that the English Protestant version of the Bible should be used

in all the public schools of that town, and that all the scholars in the schools, who were of sufficient capacity to read therein, should be required to read that version in school; *that* the plaintiff's daughter Bridget, attending the school in the district where her father lived, from conscientious religious scruples, refused to read that version, but was willing to read instead the "Douay" verson ; *that* Bridget and her father both regarded it sinful to read the required translation, and both have been so instructed by the authorities of the Roman Catholic Church, of which they were members; *that* the defendants, on said Nov. 14, as such committee, directed Bridget to leave the school, and not to return to it, until she would consent to read the said Protestant version, and thus expelled her from said school; and that the plaintiff had been obliged to employ a teacher at his own expense.

It was thought expedient that the questions of law arising in the case should first be settled, and the presiding Judge ordered a nonsuit with the consent of plaintiff's counsel, it being agreed, that if in the opinion of the full Court, the facts stated would support the action, then the nonsuit was to be taken off, and the case stand for trial; otherwise the nonsuit should be confirmed.

*Peters,* and *R. H. Dana, jr.,* of Massachusetts, for defendants, cited *Spear* v. *Cummings,* 23 Pick. 224, as explained by *Sherman* v. *Charlestown,* 8 Cush. 161.

*Rowe & Bartlett,* for plaintiff.

APPLETON, J. — This suit is brought by the plaintiff, father of Bridget Donahoe, against the defendants, the superintending school committee of the town of Ellsworth, for expelling her from school for a refusal to comply with the orders of her instructer, to read in the common version of the Bible, designated in the report as the Protestant version — such reading being a part of the general course of instruction, and this version being directed to be used in such course. The question presented, is whether the father, if

such expulsion were wrongful, has thereby received any such injury as will entitle him to pecuniary compensation.

A minor child is subject to the commands of its father during minority, and the father is entitled to its services. Being entitled to such services, he can maintain an action for any wrongful act done to the child, by which it is disabled or made less able to render its due and accustomed service. The loss of service in such case is held to be the gist of the action. *Hall* v. *Hollander*, 4 Barn. & Cress. 660. This principle, however, has been so far extended as to enable the father, when the child is too young to render any service, to recover in case of a bodily injury for the trouble and expense he may have incurred in the care and cure of such child. *Dennis* v. *Clark*, 2 Cush. 347. But in such case he cannot recover for the injury done to his parental feelings, or for the pain and suffering, or the circumstances of insult and aggravation with which the infliction of the injury may have been attended. *Flemington* v. *Smithers*, 2 C. & P. 292; *Whitney* v. *Hitchcock*, 4 Denio, 461. For injury to the person, the reputation, or the property, the suit must be in the name of the child, and the damages be awarded in accordance with the circumstances which may have accompanied and aggravated the wrong.

In this case, there is no act done, by which the ability of the child to render service is diminished. The school is for her benefit and instruction. The education is given to her, and if wrongfully deprived thereof, the loss of such deprivation falls on her. The wrong committed, the injury done, is done to her alone — and if her rights have been violated, she alone is entitled to compensation.

The claim of a plaintiff, under circumstances like those in the present case, has heretofore been examined and determined by courts entitled to the highest consideration, and with an entire uniformity of result. In *Spear* v. *Cummings*, 23 Pick. 224, it was held that the teacher of a town school was not liable to any action by a parent for refusing to instruct his children, there being no privity of contract

between them. In *Sherman* v. *Charlestown*, 8 Cush. 161, SHAW, C. J., referring to the case just cited, remarks that the Court were of opinion, among other reasons, that the action was misconceived, "because the father is not the person injured and entitled to recover damage in his own right." In *Stephenson* v. *Hall & al.*, 14 Barb. 222, it was held that an action will not lie in behalf of a parent against the town superintendents of public schools for expelling and excluding the plaintiff's minor child from the common school; nor for damages sustained by the parent in bringing an appeal to the State Superintendent of Common Schools to get such child reinstated in the school. In this case, after a very careful and elaborate examination of all the authorities bearing upon the question, ALLEN, J., says:— "I have searched in vain for a precedent sustaining an action of this character. I believe it is the first attempt of the kind that has been made in our courts of justice." In no case can a parent sustain an action for any wrong done to the child, unless he has incurred some direct pecuniary injury therefrom in consequence of some loss of service or expenses necessarily consequent thereupon. Upon principle as well as authority, the action cannot be maintained. *Nonsuit confirmed.*

SHEPLEY, C. J., and TENNEY and HOWARD, J. J., concurred.