DOUGLASS *v.* CAMPBELL.

## Opinion delivered February 8, 1909.

1. SCHOOLS—SUSPENSION OF CHILD—RIGHT OF PARENT TO SUE.—A complaint against a school board for wrongfully suspending plaintiff's child from the public school for 20 days whereby plaintiff was compelled subsequently to send the child during four months to another school and to incur expenses thereby, fails to show that during the suspension of his child plaintiff was compelled to send his son to another school or to incur any expenses for his education. (Page 257.)

2. SAME—UNLAWFUL SUSPENSION OF CHILD—REMEDY.—A parent has no right to sue for damages for the unlawful suspension of his child from a public school, unless he has already sustained some direct pecuniary injury thereby; his remedy being by mandamus to compel the school authorities to allow his child to attend school. (Page 257.)

3. SAME—RIGHT TO SUSPEND PUPIL.—Under Kirby's Digest, § 7637, authorizing school directors, at the instance of the teacher, "to suspend from the school any pupil for gross immorality, refractory conduct or insubordination," school directors are authorized to suspend a pupil who was drunk and disorderly in violation of a town ordinance during the Christmas holidays. (Page 258.)

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; affirmed.

### STATEMENT BY THE COURT.

The complaint, omitting caption, is as follows:

"Said J. H. Douglass, for cause of action against said defendants, James W. Campbell, J. C. Miller, Wesley Pressley, C. E. Pringle, E. Dalton, A. Z. Schnabaum and Ben. A. Brown, states that he is a citizen and resident taxpayer of the Pocahontas school district (special), which comprises and embraces the incorporated town of Pocahontas, Arkansas, both of which are corporations organized and existing under the laws of the State of Arkansas, and as such is legally entitled to all the benefits of the free public schools taught within the limits of said school district. That the defendant James W. Campbell is the teacher in the public school of said school district of Pocahontas, and is now engaged in teaching a term of free public school commencing January 1, 1907, and ending May 1, 1907, under contract with the directors of said district. That the defendants J. C. Miller, Wesley Pressley, C. E. Pringle and E. Dalton are duly

elected and qualified directors of said school district. That Ben. A. Brown and A. Z. Schnabaum are also directors, duly qualified and acting, who are also made defendants herein. Plaintiff states that he is the lawful father of a son, Charley Douglass, a minor under the age of twenty-one years, and who is entitled to attend and receive instructions in the free public schools of said district, and has been in attendance until the beginning of the present term. Plaintiff states that on or about the . . . . . . day of December, 1906, being one of the holidays, the above-named defendant and Ben. A. Brown and A. Z. Schnabaum held a directors' meeting in said town of Pocahontas, at which time the defendant, James W. Campbell, was at his own instance also present. Plaintiff states that at said meeting above defendants pretended to act within the scope of their authority as directors, being moved and instigated by the defendant Campbell, expelled and suspended plaintiff's son, Charley Douglass, from said school and from further attendance upon said school for the term of twenty days from the beginning of the present term then and there by notifying him in writing, he being also present, that he should not be allowed to attend said school nor be allowed to be on the school grounds, or to associate with the pupils of the said school at said school or on the grounds thereof, stating as a reason for the said act that the said Charley was drunk and disorderly on the streets of said town during one of the holidays, viz: on Christmas day, 1906, which, if true, was a violation of the ordinance of said town. All of which is untrue, and which the said Campbell and the other defendants knew to be untrue, and that the action of the said defendants, maliciously prompted and instigated by the said Campbell, was but the carrying out of a conspiracy formed by and among said defendants to deprive plaintiff and his son of the benefits of said school and to prevent his further attendance for said twenty days, and that the act of expulsion and suspension for said time was malicious as to all defendants, was a gross and flagrant abuse of their power and authority as directors aforesaid, and the effect of which was to deprive plaintiff of his legal, vested and constitutional rights to have his said son attend and receive instructions at and in the free public school of said town. But plaintiff states that if it is

true that his son was drunk and disorderly as charged, it was in no violation of rules of said school, did not occur at or in the school or about the school grounds, and that the alleged offense was not such as to deprive plaintiff legally of his rights and his said son of his rights to further attend the school. That, by reason of said unlawful act of defendants, plaintiff has been compelled to place his said son in another school beyond the limit of said school district and beyond the home of plaintiff, and to engage and become liable for the board of his son at a cost of $75 for the term ending the last of May, 1907, and tuition in the sum of $20, for washing and laundrying $20, the purchase of new and different books necessary in the sum of $10, in the aggregate $125, to the damage of plaintiff in the sum of $125.

"For further cause of damage he states that the said act complained of was malicious and without cause; that the said charge was but a pretense for the justification of said act; that the same was maliciously instigated by the defendant Campbell, and so entered into by the other defendants, and that by reason thereof plaintiff has been deprived of the company and companionship of his only child; and further states that the effect of the act complained of here was to bring and has brought shame and humiliation to plaintiff, and caused plaintiff great mental anguish and suffering on account thereof, whereby he is entitled to and has sustained damages in the further sum of two thousand dollars.

"Wherefore plaintiff prays judgment against said defendant in the sum of twenty-one hundred and twenty-five dollars damages, for cost and for all proper relief."

The appellees filed a demurrer containing these grounds, to-wit:

"1. That the plaintiff has no legal capacity to sue for the alleged wrongful acts.

"2. That there is a defect of parties plaintiff.

"3. That the complaint does not state facts sufficient to constitute a cause of action."

The court sustained the demurrer, and entered judgment dismissing the complaint, from which this appeal was taken.

*Beloate & Lomax,* for appellant.

Parent is entitled to damages for amount expended in edu-
cation of child. 65 Conn. 190; 21 O. St. 666; 101 Pa. 422; 65
Am. St. 312; 101 Mass. 127; 111 Mass. 499.

*T. W. Campbell,* for appellees.

The parent cannot recover in such cases. 15 Ind. 73; 38
Me. 376; 23 Pick. 224; 14 Barb. 222; 8 Cush. 161. The discre-
tion of school directors in their management of school
affairs cannot be questioned by the courts unless the
officials have acted wantonly, maliciously or arbitrarily. 95
Ill. 263; 66 Mo. 286. There must be an allegation of malicious
or arbitrary action on the part of the board. 16 Tex. Civ. App.
458; 41 S. W. 537.

WOOD, J., (after stating the facts). 1. The demurrer was
well taken. The complaint does not show a cause of action. The
complaint does not show any damage to appellant by reason of
the suspension of his son from school for twenty days. He does
not allege that he has been compelled to pay out any money on
account of the suspension. He alleges that he has been com-
pelled to engage and become liable for certain sums, which he
names, for the term ending the last of May, 1907. This alleged
term commenced nine days before the suit was brought, and ended
nearly four months later. So his allegation is in effect that he
"will become liable," not that he has already expended the money.
Therefore the suit would be premature, even if appellant "would
be compelled", as he alleges, to pay the various sums mentioned.
But the complaint shows that appellant was only suspended and
expelled from the school for twenty days. Appellant, therefore,
was not compelled to send his son to another school out of the
district. He does not show that his son appeared at the expira-
tion of the twenty days asking for readmission, and that his
request was refused.

Hence appellant fails to show that he had suffered any finan-
cial injury by reason of the temporary expulsion or suspension.
He fails to allege facts showing that after the twenty days he
was compelled to send his son to another school, or that during
the twenty days he was compelled to expend any amount for
the education of his son.

2. The parent, unless he has sustained some direct pecu-

niary injury thereby, has no right to sue for damages for the unlawful expulsion or suspension of his child from school. His remedy therefor is by mandamus to compel the school authorities to allow his child to attend school. *Boyd* v. *Blaisdell,* 15 Ind. 73; *Donahoe* v. *Richards,* 38 Me. 376; *Spear* v. *Cummings,* 34 Am. Dec. 53; *Stephenson* v. *Hall,* 14 Barb. 222; 21 Am. & Eng. Enc. Law, 772; Tiffany, Domestic Relations, 267; *Sherman* v. *Charlestown,* 8 Cush. 161; and see note to 41 L. R. A. 605.

Unless he alleges facts showing an unlawful expulsion, and personal pecuniary injury already incurred by him by reason thereof, he does not state a cause of action. *Sorrells* v. *Matthews,* 13 L. R. A. (N. S.) 357.

3. But appellant does not state facts sufficient to show an unlawful suspension. Being drunk and disorderly in violation of the ordinance of the town, as charged, was sufficient cause for the punishment inflicted. Sec. 7637, Kirby's Digest, expressly authorizes the directors of any school district, "at the instance of the teacher," "to suspend from the school any pupil for gross immorality, refractory conduct, or insubordination." Wholesome discipline is absolutely essential to the success of any school. Large discretion is allowed the teacher and the board, within the statute, in determining what course of conduct on the part of the pupils is necessary for the good of the whole school. That is the prime consideration. Any conduct on the part of a pupil that tends to demoralize other pupils and to interfere with the proper and successful management of the school, *i. e.,* to impair the discipline which the teacher and the board shall consider necessary for the best interest of the school, may subject the offending one to the punishment prescribed by the above statute. "Refractory conduct, or insubordination, and gross immorality" are incompatible with that good government in a school which is absolutely essential to its success. Hence these are expressly mentioned in the statute as conduct justifying the somewhat severe punishment of suspension. It will be presumed that the teacher and the board have the best interests of the school at heart, and that they have acted in good faith in exercising the authority with which the law has clothed them. The burden is

upon him who calls in question their conduct to show that they have not been actuated by proper motives. But if the teacher and board should through malice, arbitrarily and without reason, suspend a pupil from school, the pupil would have his remedy, as we have before mentioned, and the parent also would have his remedy if he has sustained any pecuniary injury by reason of such illegal suspension.

The law on this and kindred subjects is exhaustively reviewed and stated in *Board of Education of Cartersville* v. *Purse*, 101 Ga. 422, and in note to that case reported in 41 L. R. A. 593. See also 21 A. & E. Enc. Law (1 Ed.) 771 *et seq.* note; 25 A. & E. Enc. Law (2 Ed.) 25, note 6.

Affirm.